**Thomas L. DAVIS, et al., Plaintiffs,**

v.

**Honorable Thomas C. CRUSH, et al., Defendants.**

No. C–1–86–0660.

United States District Court,
S.D. Ohio, W.D.

Aug. 13, 1986.

James Condit, Cincinnati, Ohio, Stephen McMurtry, Covington, Ky., Charles Lester, Jr., Fort Thomas, Ky., for plaintiffs.

Edward Goldman, Robert Pitcairn, Jr., Roger Friedmann, James Helmer, Jr., Cincinnati, Ohio, for defendants.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

CARL B. RUBIN, Chief Judge.

This matter is before the Court in connection with a preliminary injunction seeking to enjoin defendants from enforcing an order of the Common Pleas Court of Hamil-

ton County, Ohio issued on June 20, 1986. Plaintiffs claim that such order violated their constitutional rights. This matter was briefed and then argued to the Court on Wednesday, August 6, 1986.

In accordance with Rule 52, Fed.R.Civ.P., the Court does submit its Findings of Fact, Opinion and Conclusions of Law.

## I.

### FINDINGS OF FACT

1. In the case of *Planned Parenthood Association of Cincinnati, Inc. v. Project Jericho*, Case Number A–86–02417, (Hamilton Cty. Common Pleas 1986), Defendant Judge Thomas Crush, issued an injunction limiting the number of pickets at Defendant Planned Parenthood's Medical Clinic, 3332 Vine Street, Cincinnati, Ohio. Judge Crush permitted two stationary pickets and three additional pickets who were permitted to walk on the east side of Vine Street. He made no order in regard to conduct of other persons with the following exception: "There is no order at this time with respect to the west side of Vine Street except that in all cases there may be no loud talking, chanting or praying in a voice so loud that it does reach the interior of the clinic at 3332 Vine Street or the apartments at One Lewis Street." (See Preliminary Injunction, June 20, 1986, attached hereto as Exhibit A).

2. During the progress of the above identified litigation there have been two affidavits of bias and prejudice filed with the Ohio Supreme Court attempting to remove Defendant Crush from the proceedings. The initial effort was denied by Chief Justice Frank Celebrezze of the Ohio Supreme Court and the second was denied by Justice Locher of the Ohio Supreme Court to whom the second affidavit had been referred.

3. While not relevant to the issues before this Court it should be noted that the genesis of the litigation involves the establishment by Defendants Planned Parenthood Association of Cincinnati, Inc. of a clinic where abortions are performed and the opposition thereto by various persons and organizations. The Court takes judicial notice that acts of violence have occurred. There are confrontations with a potential for violence between groups and individuals involved.

## II.

### OPINION

■ There is a threshold questions that must always be addressed when a District Court is asked to intervene in any fashion in a state court proceeding. This issue has been the subject of at least five significant decisions by the Supreme Court of the United States. Beginning with *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court has repeatedly cautioned federal courts against interfering with the activities of state courts. The *"Younger"* doctrine, which originally addressed itself to criminal prosecutions, has been substantially expanded in the cases of *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Juidice, Judges v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); and *Ohio Civil Rights Commission v. Dayton Christian School*, — U.S. —, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

Two of these later decisions merit some consideration because they expand and explain the *Younger* doctrine. In *Moore v. Sims, supra*, the Supreme Court of the United States redefined exceptions to *Younger* abstention. The Court enumerated those exceptions as follows:

1. Bad faith;

2. A motivation of a desire to harass;

3. The existence of a challenged statute flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph; and

4. Extraordinary circumstances in which the necessary irreprable injury can be shown even the absence of the usual prerequisites of bad faith and harassment.

In *Juidice, supra* the Court dealt with *Younger* as it applied to a matter similar to the one at issue. The Court pointed out:

> [F]ederal court interference with the state's contempt process is 'an offense to the state's interest ... likely to be every bit as great as it would be were this a criminal proceeding. *Juidice, supra* 430 U.S. at 336, 97 S.Ct. at 1217 (*Citing Huffman, supra*, 420 U.S. 592 at 604, 95 S.Ct. 1200 at 1208, 43 L.Ed.2d 482).

In the most recent analysis of *Younger*, *Ohio Civil Rights Commission v. Dayton Christian School, supra,* the Court pointed out that interference by a federal court in the issuance of an injunction should not be done "except where necessary to prevent great and immediate irreprable injury". This the Court went on to say was "based on concerns for comity and federalism. Such concerns are equally applicable to other types of state proceedings ... judicial in nature in which important state interests are vindicated so long as in the course of those proceedings the federal plaintiff will have a full and fair opportunity to litigate his constitutional claims."

The rationale behind these decisions is quite simple. The federal and the state courts do exist side by side and each should refrain from interfering with the other. The assertion that federal courts in some fashion are or should be in a superior position is not only erroneous, but a grave threat in concept alone to the independence and vitality of state court systems.

The District Courts are not the only forum for vindication of constitutional rights. The viability of that constitution does not depend upon proximity to Federal Courts. It is equally effective at Court and Main Streets, Cincinnati, as it is at Fifth and Main Streets, Cincinnati. No plaintiff can argue with any persuasion that his constitutional rights will be ignored in the state courts of Ohio.

Simply stated, *Younger* is controlling here unless any of the exceptions outlined in *Moore* apply. Neither by brief nor by

argument has plaintiff's counsel met this issue[1]. Why should this court interfere with a decision that is designed to give plaintiffs and all other persons an opportunity peacefully to express their opinion and peacefully to picket while at the same time preventing that expression or picketing from becoming intimidating or harassing? What possible constitutional violation has occurred? The Supreme Court of the United States has dealt with the conflicting problems of First Amendment rights and obligations. In *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) the Court made the following observations:

> Our cases make equally clear, however, that reasonable 'time, place and manner' regulations may be necessary to further significant governmental interests and are permitted. *Grayned, supra* at 15, 92 S.Ct. at 2303.
>
> *[E]xpressive activity may be prohibited if it ... involves ... invasion of the rights of others.* (Emphasis added) *Grayned, supra* at 118, 92 S.Ct. at 2304 *Citing Tinker v. DesMoines School District*, 393 U.S. at 503, 513, 89 S.Ct. at 733, 740, 21 L.Ed.2d 731 (1969).

With solid decisional underpining for Judge Crush's order, this Court must find an exception before it may act. In viewing the order and the context in which it was issued, this Court finds no such exception. The United States District Court must, therefore, abstain.

The foregoing analysis, however, does not end the inquiry. The complaint in this matter lists the first defendant as follows: "Honorable Thomas C. Crush, Judge, Court of Common Pleas, Hamilton County Courthouse, 1000 Main Street, Cincinnati, Ohio 45202 ..." On page 13 of the complaint appears the following under the prayer for relief: "For judgment against the defendants, jointly and severally, in the amount of $150,000 as compensatory damages for constitutional and common law violations, $300,000 as punitive damages, interest,

---

1. In a 42–page memorandum filed by Plaintiffs (Doc. no. ____), neither *Younger,* nor *Moore, Hoffman,* nor *Juidice* is ever even mentioned.

costs and attorney fees under 42 U.S.C. § 1988 ..."

■ This language implicates another well-settled doctrine. In 1967 the Supreme Court of the United States had occasion to review the liability and immunity of judges. In the seminal case of *Pierson v. Ray*, 386 U.S. 547, 553, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967) that Court stated as follows: "Few doctrines were more solidly established at common law than the immunity of Judges from liability for damages for acts committed within their judicial jurisdiction as this court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 20 L.Ed. 646 (1872) ... It is a Judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that may arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a·burden on judges *would contribute not to principled and fearless decision making, but to intimidation."* *Pierson v. Ray, supra* at 554, 92 S.Ct. at 1217. (emphasis added)

This Court notes in passing that the Supreme Court of the United States specifically held in *Pierson* that this principle was not abolished by 42 U.S.C. § 1983.

To assert as plaintiffs do that Judge Crush was not acting in a "judicial" capacity would, if accepted, completely eviscerate *Pierson v. Ray* and permit instead a "form of words" to render it a nullity. All a disgruntled litigant would need do is assert that the actions of the Judge were beyond his judicial power and that Judge would be forced to defend himself.

The rationale behind *Pierson v. Ray* and behind all cases of judicial immunity is quite clear. If time and money must be spent in hiring lawyers and conducting a defense from a decision objectionable to someone, a Judge would have little if any time to perform his function of dispute resolution.

In the present case litigation has been brought contrary to two firmly and well-established principles; *Younger* teaches that federal courts should avoid interference with state court proceedings; *Pierson* establishes that a Judge is completely immune from suit arising out of any judicial decision.

■ It is now instructive to consider the background of this matter. Twice in the originating litigation (*Planned Parenthood Association of Cincinnati v. Project Jericho*) an effort was made pursuant to Ohio Revised Code § 2701.03 to disqualify Judge Crush because of "bias and prejudice"[2]. In each instance the charge was found to be meritless by a Justice of the Supreme Court of Ohio. This course of conduct lends itself to a belief that there is an effort to intimidate and harass Judge Crush in the performance of his judicial activities. From a tactical standpoint these attempts may succeed. It is possible, although unlikely, that Judge Crush in order to avoid further harassment will recuse himself. It is also possible that in an effort to demonstrate a fair attitude he will give plaintiffs the benefit of questionable decisions where such benefit should not be given. As Justice Rehnquist has stated in another context, "Judges, after all, are human being." *See Bell v. Wolfish*, 439 U.S. 816, 99 S.Ct. 76, 58 L.Ed.2d 107 (1979).

Such a tactic is a subversion of the basic concepts of impartiality and justice. These events require a consideration of the conduct of plaintiffs and plaintiffs' counsel in terms of *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The defendants herein are clearly the prevailing party in a civil rights action and entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988.

---

**2.** Ohio Revised Code § 2701.03 provides in part as follows:

When a judge of the court of common pleas is interested in a cause or matter pending before the court, ... has a bias or prejudice either for or against, a party to a matter or cause pending before the court or his counsel, ... any party to the cause or matter, or the counselty may file an affidavit with the clerk of the supreme court setting forth the fact of the ... bias, prejudice....

The standard, however, for the award of fees to a defendant is somewhat different. It is necessary in such a case to establish that the claims are "frivolous, unreasonable or groundless".

The activities as above outlined demonstrate that the action against Judge Crush is at the very least groundless and unreasonable. Accordingly, the Court will upon appropriate motion consider an award of attorney fees on behalf of Judge Crush and against the plaintiffs herein. In addition, the Court entertains substantial doubt that plaintiffs were, prior to suit, familiar either with the *Younger* doctrine or *Pierson v. Ray*. It is highly unlikely that the same is true for counsel who are as experienced as those who have brought this action.

Plaintiffs and plaintiffs' counsel are hereby directed to show cause in writing within twenty days of the date of this Order why attorney fees on behalf of Judge Crush should not be assessed against them pursuant to 42 U.S.C. § 1988. The Court will reserve at this time the question of an award of attorney fees to any other defendant.

Pursuant to Rule 65(a)(2) the Court determines that the matters in controversy herein are questions of law and were adequately presented both by memorandum and by oral argument at the preliminary injunction hearing. Therefore, the Court does determine that the foregoing Findings of Fact and Conclusions of Law should be dispositive of this case on its merits.

### III.

### CONCLUSIONS OF LAW

A. This Court has jurisdiction pursuant to 42 U.S.C. § 1983.

B. Federal Courts should not interfere with the operation of state courts. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

C. Only evidence of bad faith, a motivation of a desire to harass, a challenged statute expressly and violative of constitutional prohibitions, or extraordinary circumstances of irreparable injury may be considered as exceptions to the *Younger* doctrine. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

D. In the absence of any indication of such exceptions an injunction by a state court limiting picketing and harassment should not be disturbed. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

E. A Judge in the exercise of his judicial function is immune from suit. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

F. Where a Judge has been sued because of a judicial decision, he is a "prevailing party" in accordance with 42 U.S.C. § 1988.

G. Where such suit is groundless, unreasonable and without merit he is entitled to reasonable attorney fees. *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

H. Attorneys who have counseled and brought such a suit have interposed an action intended to harass and cause unnecessary delay in violation of Rule 11, Fed.R. Civ.P., and are also liable for reasonable attorney fees to the prevailing party.

I. In accordance with Conclusions of Law A through D, inclusive, this matter should be and is hereby dismissed at Plaintiffs' costs.

IT IS SO ORDERED.

LET JUDGMENT ISSUE IN ACCORDANCE WITH THE FOREGOING.

### EXHIBIT A

PLANNED PARENTHOOD ASSOCIATION OF CINCINNATI, INC., Plaintiff,

vs.

PROJECT JERICHO, et al., Defendants.

Case No. A8602417. (Crush, J.)

COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

June 20, 1986

### PRELIMINARY INJUNCTION

Plaintiff runs a medical clinic at 3332 Vine Street, Cincinnati, OH, where a varie-

ty of services including abortions are performed. Plaintiff claims that its staff and patients have suffered injury by virtue of defendants' acts of harassment and interference which constitute a nuisance. Plaintiff seeks an order certifying a defendant class and restraining these acts of harassment. Plaintiff-intervenors are all of the tenants in the apartment building next door to the medical clinic at one Louis Street on the Southeast corner of Louis and Vine Street.

This matter came on for hearing under Rule 65 and Rule 23 of the Ohio Rules of Civil Procedure on motions to amend an earlier preliminary injunction in this case and a motion to certify a defendant class. Evidence and argument was heard on April 9, and June 13, 16, 17, 18, and 19, 1986.

This Court has made specific findings of fact and conclusions of law, to wit, that the picketers at and near 3332 Vine Street have blocked the sidewalk and drive of the plaintiff, created loud and disturbing noise, and created hazards with their signs on a regular basis. Such conduct has been found to constitute a nuisance and it has been determined that the conduct must be enjoined. A preliminary injunction was issued on April 4, 1986. This Court does hereby grant a modification of the injunction for the reason that plaintiff and plaintiff intervenors have established that the earlier order is ineffective in abating the nuisance caused by the protest activity at 3332 Vine Street.

WHEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY THE COURT THAT UNTIL THE FURTHER ORDER OF THIS COURT:

Pursuant to Rule 23(A), (B)(1) and (2), and (C) of the Ohio Rules of Civil Procedure, this action is conditionally certified as a defendant class action. The class consists of:

Persons picketing between the South curb of Louis Ave and the North curb of Shields Avenue and on both sides of Vine Street from Louis Ave to Shields Ave who have been personally served with this order as well as their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive personal service of the order.

The representative defendants are James Condit Jr., Jonathan Brockhoeft, Ray Loekbker and Tracy Antczak. The Court finds that the class is too numerous to join each member. The defenses of the representative defendants are common factually and/or legally and typical of the defendant class. The representative defendants have no conflicts of interest with the class and they are ably represented by counsel so the class is adequately represented.

The court finds that there is a substantial risk of individual judgments being inconsistent, and that there is a risk that a judgment outside the class context could, as a practical matter be dispositive of the interests of nonparties, and that there is uniform action by class members toward the plaintiff all making appropriate injunctive relief toward the class as a whole.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

Defendant class members are hereby restrained and enjoined from doing or causing to be done, instigating, encouraging, maintaining, aiding or abetting any person in doing any of the following:

1. Screaming, chanting, speaking and singing in a manner designed, intended or having the effect of reaching the patients inside the clinic at 3332 Vine Street, Cincinnati, OH, or the tenants inside the apartment building at One Louis Street, Cincinnati, OH;

2. Screaming at patients entering or leaving the medical clinic at 3332 Vine Street, Cincinnati, OH;

3. Blocking or obstructing in any manner any driveway or pedestrian entrance areas or exit areas or the public walkway on the east side of Vine Street between Shields and Louis Streets;

4. All mass picketing, except that five picketers may be present as follows:

a. One stationary picket may be present on the public sidewalk on Louis Street as long as neither he or she nor the sign the person carries crosses over into the sidewalk area of Vine Street.

b. One stationary picket may be present on the public sidewalk on Shields Street as long as neither he or she nor the sign the person carries crosses over into the sidewalk area of Vine Street.

c. Three moving pickets, one each at the locations labeled (1), (2), and (3) on the attached diagram. Location (1) extends from the corner of Louis Avenue to the north corner of plaintiff's property. Location (2) extends from the north corner of plaintiff's property to the north side of the intersection of plaintiff's driveway with the public walk. Location (3) extends from the south edge of plaintiff's drive to the corner at Shields Street. Those who are moving, if they wish to rest, must move completely off the east side of Vine Street between Louis Street and Shields Street.

There is no order at this time with respect to the west side of Vine street except that in all cases there may be no loud talking, chanting or praying in a voice so loud that it does reach the interior of the clinic at 3332 Vine Street or the apartments at One Louis Street.

Plaintiff shall publish this order in the Cincinnati Enquirer and the Cincinnati Post. Plaintiff shall also post a copy of this order in front of the clinic at 3332 Vine Street. This notice is only an accommodation. Official class notice is by personal service on class members.

No further service of this order shall be necessary on the representative defendants. For the purpose of this order "persons picketing" and a "picket" include persons present in the area referred to in this order who are carrying protest and informational signs, passing out literature, speaking publicly, or otherwise engaged in activity intended to inform, influence and persuade the public about matters of public interest, including abortion. Service of this order on such people shall be effected by the Sheriff of Hamilton County on June 21, 1986, and on such other dates as the Court directs. At all other times, service of this order may be made by a representative of the plaintiff. Service documented by videotape will be preferred. Other evidence of service will be acceptable at the option of the Court. Those serving members of the class with this order shall request the name and address of the person served. A person refusing to accept the order shall be deemed to be served.

The Sheriff of Hamilton County may enforce the terms of this order.

The bond posted by plaintiff shall be continued and shall apply to the plaintiff intervenors as well.

SO ORDERED.