**Doyle J. WILLIAMS, Appellant,**

v.

**Honorable Ronald R. McKENZIE, Appellee.**

No. 86–2523.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1987.

Decided Dec. 2, 1987.

Kevin Paul Krueger, St. Louis, Mo. (Court Appointed), for appellant.

Paul LaRose, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Doyle J. Williams appeals from the magistrate's order entered pursuant to 28 U.S.C. § 636(c)(3) (1982) dismissing with prejudice his complaint filed under 42 U.S.C. § 1983 (1982) against a Missouri circuit (trial) judge. We affirm.

Williams was convicted of capital murder in the Circuit Court of Marion County, Missouri. County Public Defender Thomas R. Motley was appointed to represent Williams on appeal. Based upon alleged deficiencies in the criminal proceeding, Williams then filed a civil action against Motley seeking money damages and requesting that Motley be barred from practicing law. Judge McKenzie, the presiding state judge, granted Williams leave to proceed in forma pauperis in the civil action. Following the submission of pleadings and a hearing, Judge McKenzie dismissed the action with prejudice on the ground that Williams failed to state a claim. Williams thereafter attempted to file a civil rights action in state court against Motley under 42 U.S.C. §§ 1983, 1985(2), (3), and 1985, primarily alleging the same claims he had alleged in the previous lawsuit. Williams presented an additional claim of conspiracy between Motley and the county prosecutor. Judge McKenzie denied Williams' motion to proceed in forma pauperis and ordered that the clerk not accept the filing without payment of the filing fee.

Williams then commenced this section 1983 action in federal district court against Judge McKenzie alleging that Judge McKenzie had denied him access to the courts and sought to enjoin the judge from denying him this access. The federal district court, adopting the magistrate's report and recommendation, dismissed the action for failure to state a claim. On appeal, although this court concluded that Judge McKenzie was immune from suit under section 1983 for money damages, we re-manded the action for a determination of whether injunctive relief would be appropriate to prevent the state judge from barring petitioner from access to the state court. *Williams v. McKenzie,* 774 F.2d 1171 (8th Cir.1985). Following a bench trial, United States Magistrate Noce entered judgment for Judge McKenzie and dismissed the cause with prejudice, on the grounds that the evidence showed Judge McKenzie had denied Williams' motion to proceed in forma pauperis because the lawsuit was frivolous, malicious, and duplicative of prior actions.

On appeal Williams maintains that the federal district court erred in not granting injunctive relief in that it was constitutional error for the state trial judge to deny Williams access to the state court. Petitioner asserts that he alleged the denial of a fundamental right in the state court, to wit, the right to adequate and effective assistance of counsel on appeal. He also alleges the state court cannot deprive him of access to the courts because of his indigency.

■ The grounds of petitioner's appeal are not clear. First, petitioner is incorrect if he seeks to have this court review whether he stated a proper cause of action in his state court suit against Motley. We do not have jurisdiction to pass on the merits of a claim which was dismissed by the state court or to determine whether a state trial court erred in dismissing a claim for failing to state a cause of action. This is true even though the second state suit against Motley was based on the federal civil rights statutes under sections 1983 and 1985. Federal courts are *not* courts of review even for federal claims asserted in a state court proceeding. In fact this court must give full faith and credit to the state court judgment. 28 U.S.C. § 1738 (1982); *compare University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

■ Second, Williams seemingly asserts that the state trial court erred in dismissing his claim without his paying a filing fee because he was indigent. We

disagree. Under Mo.Rev.Stat. § 514.040 (1978), the State of Missouri gives the state trial court discretion to deny leave to proceed in forma pauperis where the State's interest is in not allowing legally frivolous or malicious litigation to proceed in its courts.[1] *See State ex. rel. Coats v. Lewis,* 689 S.W.2d 800 (Mo.App.1985). This interest is constitutionally paramount to any interest of a plaintiff in pursuing legally frivolous or malicious litigation. *See* 28 U.S.C. § 1915 (1982); *Cameron v. Fogarty,* 705 F.2d 676 (2d Cir.1983); *Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982); *Hogan v. Midland County Com'rs Court,* 680 F.2d 1101 (5th Cir.1982). An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts. *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *cf. Wiggins v. Sargent,* 753 F.2d 663, 668 (8th Cir.1985).[2]

After examining the second complaint filed by Williams, Judge McKenzie properly determined that the lawsuit was facially frivolous and that Williams was attempting to abuse the process of the courts. Under section 514.040 the trial court acted within its discretion and no constitutional error may be asserted.

The judgment of the district court is affirmed.

1. Mo.Rev.Stat. § 514.040 (1978) provides in pertinent part:

    If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge; and the court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without fee or reward; but if judgment is entered for the plaintiff, costs shall be recovered, which shall be collected for the use of the officers of the court.

2. It would be helpful in future cases where a state judicial officer denies an indigent a certificate to proceed in forma pauperis because the court deems the suit to be legally frivolous to specifically state the grounds upon which the certification is denied.

    If the grounds for denial of the certificate had been set forth in the original order by the state court, the matter would not have required two federal appeals. The bare record on the first appeal to this court provided an inference that the state court was unconstitutionally denying the petitioner to proceed as an indigent.