883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERBERT W.G. CLANTON, Plaintiff-Appellant,
v.
MICHIGAN STATE UNIVERSITY, a Michigan Constitutional
Corporation, Marie Hansen, James Studer, Moses
Turner, Defendants-Appellees.
 No. 89-1388.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Herbert W.G. Clanton moves for miscellaneous relief and appeals from the district court's judgment dismissing his suit construed as a private civil rights action filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Clanton's complaint apparently arises from state litigation in which he claimed that the Michigan State University violated the Michigan Freedom of Information Act by not releasing the student disciplinary record of Clanton's roommate. Clanton, a former student at the university, had filed a complaint against his former roommate pursuant to the Residence Hall Association Judiciary Procedures. In his federal suit, Clanton seems to object to an order issued in that state court litigation regarding the waiver of costs and fees. The defendants are Michigan State University, and certain university officials. Clanton requested monetary and injunctive relief.
 
 
 4
 After reviewing the defendants' motion to dismiss and Clanton's reply, the district court granted the defendants' motion and dismissed the case with prejudice for lack of subject matter jurisdiction and failure to state a claim.
 
 
 5
 Clanton presents a confusing brief on appeal in which he appears to argue that the district court incorrectly dismissed his suit and somehow violated his right to equal protection.
 
 
 6
 Upon consideration, we conclude that the district court correctly determined that it lacked subject matter jurisdiction over Clanton's complaint. Clanton's complaint is actually an appeal from the Michigan Supreme Court's decision to deny an application for leave to review Clanton's motion to waive or suspend his fees and costs pursuant to the Michigan rules of court and does not arise under federal law. Federal courts do not review the constitutionality of state court orders. See Williams v. McKenzie, 834 F.2d 152, 153 (8th Cir.1987); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). In addition, both Clanton and the defendants are Michigan citizens and, thus, the federal court lacks diversity jurisdiction. See 28 U.S.C. Sec. 1332.
 
 
 7
 Even if the district court had jurisdiction over the complaint, plaintiff failed to state a claim under 42 U.S.C. Sec. 1983. Under that statute, plaintiff must allege (1) that he was deprived a right secured by the Constitution or laws of the United States, and (2) that the defendants deprived him of this right while acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Clanton failed to state a claim, as he complains that the Michigan Supreme Court improperly denied his request to waive court fees and costs. The defendants do not have the authority to waive court fees and, they are certainly not required to do so under federal law or the Federal Constitution. As a result, Clanton has not established that the defendants violated the Constitution or other federal laws, and his claim was properly dismissed.
 
 
 8
 For these reasons, the motion for miscellaneous relief is denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.