**KEENE CORPORATION, a corporation, Appellant,**

**v.**

**Judge J.E. CASS, not individually, but as a Judge of the Minnesota District Court, a Tenth Judicial District; Independent School District No. 622, a Minnesota school district; Bette Jayne Haak; Robert Engwer; Marilyn Vars; Bruce Beck; Lillian Johnson; Edward Mishmash; and Steve Smitt, not individually, but as the members of the School Board of Independent School District No. 622; Michael R. Sieben, an individual; Harvey N. Jones, an individual; Michael R. Strom, an individual; Edward J. Westbrook, an individual; and J. Anderson Berly, an individual, Appellees.**

**KEENE CORPORATION, a corporation, Appellant,**

**v.**

**Judge J.E. CASS, not individually, but as A Judge of the Minnesota District Court, Tenth Judicial District; Independent School District # 622, a Minnesota school district; Bette Jayne Haak, Robert Engwer, Marilyn Vars, Bruce Beck, Lillian Johnson, Edward Mishmash, Steve Smitt, not individually, but as the members of the School Board of Independent School District No. 622; Michael R. Sieben, an individual; Michael R. Strom, an individual; J. Anderson Berly, an individual, Appellees.**

**Nos. 89–5405, 89–5603.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1990.

Decided July 9, 1990.

David F. Herr, Minneapolis, Minn., for appellant.

Michael R. Strom, Hastings, Minn., and Peter M. Ackerberg, St. Paul, Minn., for appellees.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In these consolidated appeals, Keene Corporation (Keene) appeals a district court[1] judgment dismissing its suit for lack of subject matter jurisdiction and denying its motion for a preliminary injunction and appeals a separate judgment granting defendants, other than Judge J.E. Cass, their attorneys fees under 42 U.S.C. § 1988 (1988). Keene contends that subject matter jurisdiction is properly grounded under 42 U.S.C. § 1983 (1988) and that the district court improperly determined that Keene's lawsuit lacked merit, thus warranting an award of attorneys fees. We affirm the district court's dismissal of this action but reverse its award of attorneys fees.

## I. BACKGROUND

Keene's former subsidiary, Keene Building Products Corporation, and Keene's corporate predecessors, Baldwin–Ehret–Hill Company, Ehret Magnesia Manufacturing Company and BEH, at one time manufactured and sold insulation products containing asbestos. Because of its relationship to these entities, Keene is a defendant in over 70,000 asbestos personal injury cases and 100 property damage lawsuits.

In 1978, Keene sued its insurance carriers in federal court to recover the defense and indemnity costs for these lawsuits. *Keene Corp. v. Insurance Corp. of N. Am.*, No. 78–1011 (D.C.Dist.Ct. Mar. 30, 1984) [hereinafter *Keene v. INA*]. Subject to a protective order issued in that case, Keene produced documents relating to its defense of the personal injury cases and permitted its defense counsel to be deposed about the nature of the defenses used.

Keene claims that these disclosures did not constitute a waiver of the attorney-client privilege.

In a separate lawsuit in Minnesota state court, Independent School District # 622 (ISD) brought an action against Keene, among others, to recover the costs of removing asbestos from a high school. In its discovery requests, ISD sought materials which included documents produced by Keene in the *Keene v. INA* case. Keene objected on grounds of privilege and asserted that the discovery requests conflicted with the protective order issued in *Keene v. INA*. ISD then moved to compel production of the documents. The state trial court, Judge J.E. Cass, granted the motion. *Independent School Dist. # 622 v. Bor–Son Const., Inc.*, No. C5–84–1701 (Minn.Dist.Ct. Feb. 2, 1989).

Keene then sought discretionary review of Judge Cass' order and a writ of prohibition from the Minnesota Court of Appeals. The appeals court denied review of the order and the writ, ruling that ISD sought only "original documents" belonging to Keene and not materials subject to the protective order issued in *Keene v. INA* and that Keene failed to establish that the documents sought were "clearly not discoverable." *Independent School Dist. # 622 v. Bor–Son Constr., Inc.*, No. C3–89–389 (Minn.Ct.App. Mar. 22, 1989). Subsequently, both the Minnesota Supreme Court and the United States Supreme Court denied review. *Independent School Dist. # 622 v. Bor–Son Constr., Inc.*, No. C3–89–389 (Minn. May 24, 1989); *Keene Corp. v. Independent School Dist. # 622*, — U.S. —, 110 S.Ct. 283, 107 L.Ed.2d 263 (1989).

Keene then filed this section 1983 action in federal court, seeking an injunction from enforcement of Judge Cass' order pending a decision on the merits. Keene contended that the depositions, exhibits and affidavits sought by ISD were subject to a federal court protective order, contained privileged information and attorney work product and

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

that enforcement would violate its constitutional right to assistance of counsel under the fifth amendment due process clause. Judge Cass and ISD moved to dismiss for lack of subject matter jurisdiction.

After a hearing, the district court granted the motion to dismiss, ruling that under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the court lacked subject matter jurisdiction to review a state court decision and issue an injunction. The district court noted that the proper forum for reviewing the state court decision was the United States Supreme Court. Additionally, the district court ruled that under *Harris v. Missouri Court of Appeals*, 787 F.2d 427 (8th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986), Judge Cass was immune from suit and therefore could not be enjoined from enforcing the order. This timely appeal followed.

Subsequently, ISD moved for an award of attorneys fees under 42 U.S.C. § 1988 (1988). The district court granted the motion in the amount of $9,077.81. Keene appeals from this award.

## II. DISCUSSION

Keene contends that the district court may properly exercise jurisdiction over this case because the violation of Keene's constitutional rights, which will occur through enforcement of the state court order, constitutes a cognizable claim under 42 U.S. C. § 1983. Additionally, Keene argues that because it seeks only prospective injunctive relief, judicial immunity does not extend to Judge Cass. Lastly, Keene challenges the district court's award of attorneys fees.

### A. Subject Matter Jurisdiction

Keene contends that this lawsuit is not an attempt to have a federal court assert jurisdiction and review a state court order. Rather, Keene seeks a federal court ruling that the state court order is unenforceable because it violates Keene's due process rights and the supremacy clause of the United States Constitution. Specifically, Keene argues that the state court order interferes with a prior federal court protective order and violates its rights to effective assistance of counsel and access to the courts because it adversely affects the attorney-client privilege and the work-product immunity doctrine.

The existence of subject matter jurisdiction in federal court is a question of law subject to *de novo* review. *Schmidt v. United States*, 901 F.2d 680, 683 (8th Cir. 1990). Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) (lower federal courts may not sit in review of a state court decision); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir.1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); *see*, 28 U.S.C. § 1257 (1988) (providing for United States Supreme Court review of state court judgments only through writ of certiorari).

Although a federal district court may not possess appellate jurisdiction to review a state court judgment, it may exercise jurisdiction over a general constitutional challenge made in a federal proceeding as long as the constitutional challenge is not "inextricably intertwined" with claims asserted in a state court proceeding. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983); *Blue Cross & Blue Shield of Md. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir.1989); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir.1986). Under the *Feldman* doctrine,

the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a con-

viction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

Where a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting her lawsuit as a section 1983 action, *Feldman*'s jurisdictional bar applies. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 4 (9th Cir.1986); *Curry v. Baker*, 802 F.2d 1302, 1310 n. 5 (11th Cir.), *cert. dismissed*, 479 U.S. 1023, 107 S.Ct. 1262, 93 L.Ed.2d 819 (1986); *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir.1986); *see Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir.1986) (federal district courts possess no jurisdiction under 42 U.S.C. § 1983 to modify a final order of a state court). Similarly, the *Feldman* doctrine applies to claims for both injunctive and declaratory relief.[2] *Feldman*, 460 U.S. at 468, 103 S.Ct. at 1307; *Weiner*, 868 F.2d at 1556.

■ We need inquire whether the federal claims asserted by Keene are inextricably intertwined with the state court decision. If they are, subject matter jurisdiction is lacking; if not, subject matter jurisdiction exists.

Here, Keene does not make a general constitutional challenge to a state court judgment. Rather, the essence of Keene's challenge is that the state court order requires Keene to disclose privileged material in violation of a prior federal court protective order and its constitutional rights. The Minnesota courts specifically con-sidered and rejected this challenge, ruling that the materials were "original documents" not subject to protection under the prior federal court protective order and that Keene failed to establish that the materials were "clearly not discoverable."

■ In the present case, it would be impossible for the federal district court to evaluate Keene's constitutional claims in the abstract. Rather, the court would have to analyze the Minnesota state court rulings to determine whether the materials were privileged or were protected by the prior federal court order. Accordingly, we agree with the district court that Keene's constitutional claims are inextricably intertwined with the rulings of the Minnesota state courts.[3]

This determination makes it unnecessary for us to decide other issues raised in the first appeal; that is, the propriety of denying the motion for a preliminary injunction, the application of the judicial immunity doctrine or ISD's argument that the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), applies.[4]

### B. Attorneys Fees

Keene disputes the district court's ruling that its lawsuit lacked merit, arguing that the district court failed to make findings to support the award of attorneys fees. Additionally, Keene contends that none of the appellees may be considered a prevailing party within the meaning of 42 U.S.C. § 1988 because the district court dismissed the lawsuit for lack of subject matter jurisdiction.

■ 42 U.S.C. § 1988, under which the district court awarded fees, provides for an award of attorneys fees to a prevailing

---

**2.** We agree with the decisions of other circuits holding that the *Feldman* doctrine applies to state court judgments that are not yet final. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986); *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir.1986).

**3.** We observe that Keene's § 1983 action based on the ineffective assistance of counsel claim is similarly flawed because there is no constitutional right to effective assistance of counsel in a civil case. *Glick v. Henderson*, 855 F.2d 536,

541 (8th Cir.1988); *Allen v. Barnes Hosp.*, 721 F.2d 643, 644 (8th Cir.1983) (per curiam).

**4.** We note that counsel for appellee School District advised at oral argument that plaintiff seeks no documents subject to a privilege, but that appellant has failed to make any showing before the state court supporting the merits of its claims to nondisclosure of documents on grounds of privilege or other proper grounds.

party in a lawsuit brought to enforce a provision of section 1983. An award may be made under the statute if the action brought is " 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). The decision to award attorneys fees under that statute rests with the broad discretion of the district court and will not be reversed absent an abuse of discretion. *Garionis v. Newton*, 827 F.2d 306 (8th Cir.1987).

 In this case, we conclude that the district court erred in awarding attorneys fees as a matter of law for two related reasons. First, section 1988 does not by its terms confer subject matter jurisdiction upon federal courts, but rather relies upon the provisions of other federal statutes, such as section 1983 read in conjunction with 28 U.S.C. § 1343 (1988) (civil rights and elective franchise jurisdictional statute), to confer subject matter jurisdiction.[5] As previously stated, we agree with the district court that it lacked subject matter jurisdiction under section 1983. That lack of jurisdiction barred an award of attorneys fees under section 1988. *Cf. Webber v. Michela*, 633 F.2d 518, 519 (8th Cir.1980) (per curiam) (reversing an award of attorneys fees in section 1983 action where personal jurisdiction was lacking).

 Second, none of the appellees may be considered a prevailing party for purposes of section 1988. To be a prevailing

party, a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought. *Hensley v. Eckerhart*, 461 U.S. 424, 432, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983); *Hanrahan v. Hampton*, 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); *Reel v. Arkansas Dept. of Correction*, 672 F.2d 693, 697 (8th Cir.1982). Where a complaint has been dismissed for lack of subject matter jurisdiction, the "[d]efendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation." *Sellers v. Local 1598*, 614 F.Supp. 141, 144 (E.D.Pa.1985), *aff'd*, 810 F.2d 1164 (3d Cir.1987). Therefore, we conclude that the appellees were not entitled to attorneys fees under section 1988.[6]

## III. CONCLUSION

Accordingly, we affirm the district court's dismissal of this action on grounds of lack of subject matter jurisdiction but reverse the award of attorneys fees made under section 1988.

---

**5.** 42 U.S.C. § 1988 (1988) provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of [this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES,"] for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; .... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, ... or title VI of the Civil Rights Act of 1964, ... the court, in its discre-

tion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**6.** ISD's reliance on *Davis v. Crush*, 646 F.Supp. 1192, 1196 (S.D.Ohio 1986), *rev'd*, 862 F.2d 84, 89 (6th Cir.1988), to the contrary is inapposite because the *Davis* court did not consider whether subject matter jurisdiction was proper in the first instance, but rather assumed jurisdiction and dismissed the complaint on abstention grounds. We express no view on the propriety of awarding attorneys fees under Rule 11 of the Federal Rules of Civil Procedure in instances where the lawsuit must be dismissed for lack of subject matter jurisdiction.