**OWENS–CORNING FIBERGLASS CORPORATION, Plaintiff,**

v.

**The Honorable George A. MORAN, in his official capacity as Circuit Judge of Madison County, Illinois, Defendant,**

**and**

**M. Oveta Pickering, et al., Intervenors.**

**Cause No. 92–CV–195–WDS.**

United States District Court, S.D. Illinois.

March 16, 1992.

Steven P. Sanders, Raymond R. Fournie, Thomas B. Weaver, Armstrong, Teasdale, Schlafly & Davis, St. Louis, Mo., Donald F.

287

Donovan, Debevoise & Plimpton, New York City, for plaintiff.

Christine M. Giacomini, Asst. Atty. Gen., Springfield, Ill., for defendant.

Michael R. Bilbrey, Randall A. Bono, Bono, Goldenberg, Hopkins & Bilbrey, Wood River, Ill., Michael J. Brickman, Charleston, S.C., for intervenors defendants Arvel Pickering, Robert Harris, Charles Anderson, Carl Osterman, Donald Dossett, Harry Lewis and William Thompson.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court are defendant's and intervenors' motions to dismiss plaintiff's complaint. Plaintiff's complaint arises from a case currently pending in the Third Judicial Circuit, Madison County, Illinois. In that action, plaintiff was served with a Notice to Appear pursuant to Ill.S.Ct.Rule 237(b). Ill.Rev.Stat. ch. 110A, ¶ 237(b). The notice demanded that plaintiff produce its Chief Financial Officer, Chief Executive Officer, and two of its in-house counsel at the state court trial.

On February 27, 1992, plaintiff filed a motion to quash the notices to appear on the ground that defendant did not have personal jurisdiction over the individuals. The motion was denied by defendant, and he ordered plaintiff to produce the individuals. The order also put plaintiff on notice that sanctions may be imposed against plaintiff if it refuses to produce the individuals.

On March 6, 1992, plaintiff filed a complaint with this Court seeking a declaration that Rule 237(b) violates the due process clause of the Fourteenth Amendment to the United States Constitution, and that defendant be enjoined from penalizing plaintiff in the event the individuals do not appear as witnesses in the state court trial. Plaintiff also sought a temporary restraining order, which was denied by this Court on March 9, 1992.

The intervenors, plaintiffs in the state court action, and defendant Judge Moran have moved to dismiss this action. The intervenors and defendant argue that the Court lacks jurisdiction to hear this case pursuant to *District Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In *Feldman*, the Court held that a federal court may not review a constitutional challenge to a state court judgment if the challenge is "inextricably intertwined" with claims asserted in the state court proceeding. *Id.* at 482 n. 16, 103 S.Ct. at 1315 n. 16. Under the *Feldman* doctrine:

[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongfully decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibitive appeal of the state court judgment.

*Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J. concurring).

Thus, "[w]here a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting [the] lawsuit as a section 1983 action, *Feldman's* jurisdictional bar applies." *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir.1990) (citations omitted).

Although the Court realizes that plaintiff is placed in a veritable "Catch 22" position; nonetheless, in this case, the issues before the Court are so inextricably intertwined with the actions in the state court that it would be impossible for this Court to reach plaintiff's constitutional attack on Rule 237(b) without having to address the specific application of Rule 237(b) in the underlying state court proceeding. Thus, this Court is "being called upon to review the state-court decision. This the district court may not do." *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1315 n. 16. Therefore, the Court finds that plaintiff's constitutional claims are subject to the jurisdictional bar set forth by the Supreme Court in *Feldman*, and this Court is without jurisdiction to hear this case.

Accordingly, the Court GRANTS defendant's and intervenors' motions to dismiss, and this cause of action is DISMISSED for lack of jurisdiction.

Having determined that the Court is without jurisdiction to hear this case, intervenors' request for attorney's fees under 42 U.S.C. § 1988 is DENIED.

IT IS SO ORDERED.