_____

No. 96-1669
_____

Ervin Wright,                              *
                                           *
          Appellant,                       *
                                           *
     v.                                    *   Appeal from the United States
                                           *   District Court for the
Division of Finance, Collection            *   Western District of Missouri.
Department, Jackson County,                *
Missouri,                                  *        [UNPUBLISHED]
                                           *
          Appellee.                        *


_____

               Submitted:  October 28, 1996

                  Filed:  November 1, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Wright filed this 42 U.S.C. § 1983 action seeking injunctive relief
and monetary damages for alleged due process and equal protection
violations by state taxing authorities.  Wright complained that a scheduled
foreclosure sale of his property to recover tax delinquencies constituted
a taking without due process of law, and that defendant racially
discriminated against him because he is black.

     On defendant's motion, the district court[1] dismissed Wright's
complaint, concluding it lacked subject matter jurisdiction under the Tax
Injunction Act, 28 U.S.C. § 1341, because Missouri law provided an adequate
state remedy.  Wright timely appealed.

_____

     [1]The Honorable D. Brook Bartlett, Chief Judge, United States
District Court for the Western District of Missouri.

We review de novo whether federal subject matter jurisdiction exists. Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990). We conclude the district court was correct in dismissing Wright's complaint.[2] See 28 U.S.C. § 1341 (federal courts lack jurisdiction over actions to enjoin assessment, levy, or collection of any tax under state law where plain, speedy, and efficient state remedy available); Mo. Rev. Stat. §§ 141.210-141.810 (providing procedures for challenging assessment and collection of tax); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107, 116-17 (1981) (barring § 1983 suits for monetary damages because of principle of comity; addressing adequacy of Missouri's taxpayer-protection processes). Defendant presented unrebutted evidence that Wright participated in a pre-foreclosure evidentiary hearing. As to Wright's equal protection claim, he failed to allege any supporting facts entitling him to relief. See Klinger v. Department of Corrections, 31 F.3d 727, 731, 733 (8th Cir. 1994) (noting equal protection threshold requirement), cert. denied, 115 S. Ct. 1177 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We note that pending this appeal, defendant has held in abeyance the prospective sale of the property at issue.