# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2853

———————

Lani Brown; Mike Brown,

      Appellants,

v.

J. Miles Sweeney; Bruce Hunt; Jeff
Monroe; Missouri Court of Appeals;
Missouri Supreme Court; Jay Nixon,

      Appellees.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

———————

Submitted: December 4, 2000
Filed: December 8, 2000

———————

Before BEAM, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Lani and Mike Brown appeal from the district court's[1] dismissal of their complaint brought under 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. § 1964(a). The Browns claimed that defendants conspired to deny them, as pro se litigants, equal protection and meaningful access to the state courts in their pursuit of dental malpractice actions. Upon de novo review, we conclude dismissal was proper because

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

the district court lacked subject matter jurisdiction.  <u>See</u> <u>Lemonds v. St. Louis County</u>, 222 F.3d 488, 492-95 (8th Cir. 2000) (standard of review for Fed. R. Civ. P. 12(b)(1) dismissal; <u>Rooker-Feldman</u>[2] doctrine forecloses indirect attempts to undermine state court decisions; federal constitutional claim is "inextricably intertwined" with state court judgment if federal claim succeeds only to extent state court wrongly decided issue before it; doctrine applies even where party to federal action was not party to state action); <u>Keene Corp. v. Cass</u>, 908 F.2d 293, 297 (8th Cir. 1990) (<u>Rooker-Feldman</u> doctrine applies to claims for injunctive and declaratory relief).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).