**ASSOCIATED GENERAL CONTRACTORS OF TENNESSEE, INC.,**
**Plaintiff–Appellant,**

v.

**COUNTY OF SHELBY, Defendant–Appellee.**

**No. 99–5881, 99–6028.**

United States Court of Appeals,
Sixth Circuit.

Feb. 22, 2001.

Before MARTIN, Chief Judge; GUY and COLE, Circuit Judges.

PER CURIAM.

This appeal involves the denial of a motion for attorney fees and costs brought by plaintiff, Associated General Contractors of Tennessee, Inc., pursuant to 42 U.S.C. § 1988. In this action, which began in 1988, plaintiff twice successfully challenged the constitutionality of ordinances enacted by defendant, County of Shelby. After each success, plaintiff was awarded attorney fees and costs pursuant to § 1988. Plaintiff now challenges the judgment of the district court denying its third motion for fees and costs, arguing that plaintiff's vigorous opposition to defendant's third proposed ordinance contributed to defendant's decision not to implement the ordinance. In the alternative, plaintiff contends that it is entitled to attorney fees and costs for its monitoring of defendant's compliance with the injunction issued after the second ordinance was declared unconstitutional. After a review of the record and the arguments presented on appeal, we affirm.

## I.

On October 21, 1988, plaintiff sued defendant challenging the constitutionality of its Small Business Purchase Procedure (SBPP) ordinance under which ten percent of defendant's contracts were to be set aside for businesses owned by "economically disadvantaged persons," defined under the ordinance as including all Black Americans, Hispanics, Asians, American Indians, and Alaskan Natives. After the district court declared the ordinance unconstitutional as violative of the Equal Protection Clause, it awarded plaintiff $44,480.97 in attorney fees and costs under 42 U.S.C. § 1988.

Approximately three months later, defendant adopted a new ordinance which gave contractual preference to businesses whose labor force met certain racial criteria. In response, plaintiff asked the district court to determine if defendant's enactment and implementation of the new ordinance complied with the court's previous decision.[1] The court concluded that defendant's second ordinance also violated

1. In that decision, the district court enjoined defendant from using "any type of race-based preference or criteria in the administration of the SBPP."

equal protection and awarded plaintiff $12,559.50 in attorney fees and costs pursuant to § 1988. In addition, on March 26, 1992, the court issued the following injunction:

> IT IS FURTHER ORDERED AND ADJUDGED that the defendant is enjoined from either legislatively or administratively enacting an ordinance, law or policy containing criteria based on race, creed, color or national origin without first complying with the standards set forth by the United States Supreme Court in *City of Richmond v. J.A. Croson,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989), or other controlling appellate authority interpreting the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. *If the defendant desires to adopt an SBPP program which it contends uses a racial criteria consistent with the holding in City of Richmond v. Croson or other controlling authority, the defendant shall petition to reopen this cause for a determination of whether or not the proposed ordinance is determined by this Court to be non-violative of the Constitution, before the ordinance is adopted by the Board of Commissioners.*

(Emphasis added.)[2]

Accordingly, on April 8, 1996, defendant petitioned the court to reopen the case

seeking a declaration concerning the constitutionality of its third proposed ordinance entitled, "An Ordinance to Establish the Shelby County Local Small Business and Minority/Women Business Procurement Program and to Amend Current Shelby County Purchasing Procedures."[3] While the matter was proceeding and before trial, this court issued its decision in *Associated General Contractors of America v. City of Columbus,* 172 F.3d 411 (6th Cir.1999). In that similar case, we held that the district court lacked authority to maintain continuing jurisdiction over a case for the purpose of reviewing future set-aside ordinances that the city might attempt to adopt once the court decreed the original ordinance unconstitutional. We also held that the court lacked authority to render an advisory opinion with respect to any such ordinance. Shortly thereafter, plaintiff moved to stay this action pending resolution of a motion for rehearing and possible petition for writ of *certiorari* in *Columbus.* Defendant then withdrew its petition to reopen the case. Based upon the withdrawal, the district court declared that all pending motions were moot and terminated the case.

Three days later, plaintiff moved, pursuant to 42 U.S.C. § 1988, for attorney fees and costs in the amount of $199,005.82.[4]

---

**2.** In *Croson,* the Supreme Court held that all governmental classifications by race are subject to strict scrutiny even if they are supported by a remedial purpose, must be narrowly tailored to achieve a compelling governmental interest, and must identify discrimination with some specificity.

**3.** On October 15, 1996, the court allowed defendant to adopt the ordinance but enjoined its implementation until the issue of its constitutionality could be resolved. In November 1996, the ordinance was adopted and signed into law. Defendant filed the ordinance with the court on February 14, 1997.

**4.** The breakdown of fees and costs sought pursuant to the motion are: $17,128.93 incurred between March 26, 1992, the date the permanent injunction was issued, and April 8, 1996, the date the petition to reopen the case was filed, for plaintiff's monitoring of defendant's compliance with the injunction; $161,374.14 incurred between April 8, 1996, and April 26, 1999, the date defendant withdrew its petition, for plaintiff's work associated with establishing the unconstitutionality of the third ordinance; and $3,465 incurred by plaintiff for preparing the third motion for fees and costs.

In denying plaintiff's motion, the court concluded:

> No doubt the plaintiff has incurred substantial legal expenses as a result of its contention that the defendant's present ordinance adopting a race-based program is unconstitutional. Nonetheless, it cannot be said that the plaintiff is the prevailing party in this case. Neither party has yet prevailed on the underlying issues.

Then, on July 7, 1999, the court, relying upon *Columbus,* issued an order dissolving the permanent injunction imposed on March 26, 1992. This appeal followed.[5]

## II.

The district court determined that plaintiff was not a "prevailing party" for purposes of 42 U.S.C. § 1988 and denied plaintiff's third motion for attorney fees and costs on that basis. We review this factual determination for clear error and review the court's denial of plaintiff's motion for an abuse of discretion. *See Horner v. Ky. High Sch. Athletic Ass'n,* 206 F.3d 685, 697–98 (6th Cir.), *cert. denied,* 531 U.S. 824, 121 S.Ct. 69, 148 L.Ed.2d 34 (2000). "To be a prevailing party, a party must receive at least some relief on the merits of [its] claim such as a judgment, an injunction, or a consent decree." *Id.* at 698. It is undisputed that the district court did not reach the merits of the case as they relate to the third ordinance, *i.e.,* whether or not it was constitutional. As a result, the district court did not err in its determination that plaintiff was not a "prevailing party" for these purposes and in denying plaintiff's motion on that basis. *See also Keene Corp. v. Cass,* 908 F.2d 293, 297–98 (8th Cir.1990) (where a complaint is dismissed for lack of subject matter jurisdiction, the defending party has not "prevailed" on the merits). In the context of the petition to reopen this case, plaintiff was acting as the defending party. Here, as in *Keene,* we conclude that plaintiff did not "prevail" on the merits once the case was terminated for lack of jurisdiction.[6]

Plaintiff asserts, however, that its vigorous prosecution in opposition to the third ordinance caused defendant not to implement it. In so arguing, plaintiff appears to be relying upon the "primary catalyst" theory, under which "a plaintiff who is not a prevailing party under § 1988, may also recover attorneys' fees if the lawsuit was the primary 'catalyst' for causing a defendant to change its conduct favorably toward the plaintiff." *Horner,* 206 F.3d at 698. To succeed, plaintiff must satisfy a two-part test: first, that its lawsuit was a "necessary and important factor in achieving the relief sought"; and second, that the "changed conduct was required because of a violation of the law." *Id.*

Plaintiff has not met either part of the test. Even assuming plaintiff's vigorous prosecution contributed to defendant's

---

5. In response to plaintiff's appeal, defendant argues that the district court lacked jurisdiction to grant plaintiff's third request for attorney fees and costs, because the court lacked jurisdiction over the action since March 26, 1992, when it declared defendant's second ordinance to be unconstitutional. Plaintiff counters that any jurisdictional problem was cured when the court allowed defendant to enact the ordinance during the pendency of the action. While the district court allowed defendant to enact the third ordinance, the court prohibited defendant from implementing it until the issue of its constitutionality was resolved. In any event, because we affirm the district court's decision on other grounds, we do not reach the jurisdictional issue raised by defendant.

6. In its decision denying plaintiff's third motion for attorney fees and costs, the court pointed out the fact that plaintiff never challenged its jurisdiction.

voluntary non-implementation of the third ordinance, plaintiff has not established that defendant did not implement the ordinance because it would be in violation of the law. The ultimate issue—whether or not the third ordinance violated the Constitution— was never reached. As such, plaintiff cannot establish that defendant's voluntary non-implementation of the third ordinance was motivated by a decision that the ordinance violated the law, and is therefore not entitled to attorney fees and costs under the primary catalyst theory.[7]

■ In the alternative, plaintiff argues that it is entitled to approximately $17,000 in attorney fees and costs for its monitoring of defendant's compliance with the 1992 injunction before defendant petitioned the court to reopen the case. While the district court did not explicitly address this portion of plaintiff's request, implicit in its decision is the conclusion that each aspect of plaintiff's request for attorney fees and costs should fail because plaintiff was not a "prevailing party" for purposes of § 1988. Again, we find no error in that determination. Under *Columbus*, the district court lacked jurisdiction to enjoin defendant from enacting future race-based ordinances without first seeking judicial approval. As such, plaintiff is not entitled to the attorney fees and costs it incurred for voluntarily monitoring defendant's compliance with that aspect of the 1992 injunction. *See Palmer v. City of Chicago*, 806 F.2d 1316, 1322 (7th Cir.1986) ("Or suppose ... that a plaintiff gets an injunction to which he has no legal right but the defendant complies pending appeal, thus conferring a benefit on the plaintiff. As is apparent ..., this kind of benefit cannot support a fee award.")

AFFIRMED.

---

7. Plaintiff argues that it could establish the first part of the test, but that the district court erred in summarily denying its motion without first holding a hearing to make this determination. We disagree. Even if the court were to conclude that plaintiff's efforts were a "necessary and important factor" in achieving defendant's voluntary non-implementation of the ordinance, the court could not conclude that defendant's action was motivated by a legal violation without first ruling upon the ultimate question, *i.e.*, whether or not the third ordinance was constitutional. As the district court recognized, this it could no longer do in the face of *Columbus*.