_____

No. 95-2222
_____

Harold O. Postma;                *
Greta K. Postma,                 *
                                 *
          Appellants,            *
                                 *
     v.                          *
                                 *
First Federal Savings & Loan     * Appeal from the United States
of Sioux City; Charles L.        * District Court for the
Corbett; Douglas Grindberg;      * Northern District of Iowa
Marilyn Berke; Randy Jacobsma;   *
Iowa Mediation Service, Inc.;    *
Hank Ostwald; Bonnie Campbell;   *
John Wagenaar,                   *
                                 *
          Appellees.             *

_____

          Submitted:  December 13, 1995

              Filed:  January 19, 1996
_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
_____

McMILLIAN, Circuit Judge.


     Harold O. Postma and Greta K. Postma appeal from a final
judgment entered in the District Court for the Northern District of
Iowa against them and in favor of First Federal Savings & Loan
Association of Sioux City, Iowa (First Federal), and certain
individual employees of First Federal (the First Federal
defendants), and the Iowa Mediation Service, Inc., and Hank Ostwald
(the Iowa Mediation Service defendants). Postma v. First Federal
Savings & Loan Ass'n, No. C93Б4058 (N.D. Iowa Mar. 28, 1995)
(judgment). For reversal, the Postmas argue the district court
erred in holding it lacked subject matter jurisdiction over their

claims against the First Federal defendants and in holding they had failed to state a claim upon which relief could be granted against the Iowa Mediation Service defendants. For the reasons discussed below, we affirm the judgment of the district court.

The underlying facts are fully set forth in the district court's March 28, 1995, summary judgment order. In brief, in 1986, the Postmas had borrowed money from First Federal; the loan was secured by a mortgage on certain agricultural property. In 1990 the Postmas defaulted, and in June 1991 First Federal filed a mortgage foreclosure action in state court. The Postmas removed the action to federal district court, but the federal district court later remanded the case to state court. In March 1992 the state court entered a decree of foreclosure in favor of First Federal. The Postmas filed post-judgment motions to dismiss the foreclosure action and to vacate the judgment and for temporary injunctive relief. The state court denied the post-judgment motions. The Postmas did not appeal the judgment or the order denying the post-judgment motions. The property was later sold at a sheriff's sale.

In June 1993 the Postmas filed a pro se complaint in federal district court against the First Federal defendants alleging violations of Iowa law in foreclosing on the Postmas' mortgage, breach of contract, racketeering violations, violation of the Truth in Lending Act, redlining, trespass, and burglary. The Postmas also sued the Iowa Mediation Service defendants alleging failure to proceed with mediation as required by Iowa law. The Iowa Mediation Service defendants filed a motion to dismiss for failure to state a claim. The First Federal defendants filed motions for summary judgment. At the district court's request, the parties filed supplemental briefs on the question of subject matter jurisdiction.

In February 1994 the district court[1] granted the Iowa Mediation Service defendants' motion to dismiss.  Under Iowa law farm mediators are immune from liability for civil damages unless they act in bad faith, with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property.  Iowa Code § 13.16.  The district court concluded that the complaint failed to set forth facts or allegations that the Iowa Mediation Service defendants had acted in bad faith, with malicious purpose or in willful and wanton disregard of human rights, safety, or property.

In March 1995 the district court,[2] in an extensive memorandum order, concluded that it did not have subject matter jurisdiction and accordingly dismissed the Postmas' claims against the First Federal defendants.  Slip op. at 7-11, citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Under the Rooker-Feldman doctrine, because federal district courts are courts of original jurisdiction, they lack subject matter jurisdiction to engage in appellate review of state court decisions; review of state court decisions may be had only in the Supreme Court.  The district court noted that the Postmas' current action was essentially a collateral attack in federal district court on a state foreclosure judgment. The district court decided that the Postmas' current claims were "inextricably intertwined" with the state foreclosure judgment and that it could not evaluate those claims without reviewing the state foreclosure decision, which is exactly what is barred by the Rooker-Feldman doctrine.  This appeal followed.

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

For reversal, the Postmas argue the district court erred in holding it did not have subject matter jurisdiction because the Rooker-Feldman doctrine does not apply when the plaintiff has been denied procedural due process in the state court. The Postmas argue that they did not receive constitutionally adequate notice to cure or to mediate and thus were denied a fair opportunity to participate in the foreclosure proceedings in state court. We disagree. As noted by the district court, the Postmas' claims in the present case are inextricably intertwined with the state court judgment. In particular, their current claims can succeed only to the extent that the state court wrongly decided the foreclosure action. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990) (citation omitted). See, e.g., Wright v. Tackett, 39 F.3d 155 (7th Cir. 1994) (per curiam) (action alleging conspiracy to violate civil rights in connection with foreclosure held barred by Rooker-Feldman), cert. denied, 115 S. Ct. 1100 (1995); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993) (similar), cert. denied, 114 S. Ct. 694 (1994).[3]

---

[3]Following oral argument, counsel for the Postmas notified the court by letter dated December 13, 1995, with copies to opposing counsel, that any reference during oral argument that Greta Postma had participated to a limited extent in the state court foreclosure action was a misstatement. Subsequently, the Postmas notified the court by letter dated December 28, 1995, that they had discharged their attorney. In this letter the Postmas stated that they had not received notice of the state court foreclosure action, including the motion to remand, motions for summary judgment, notice of mediation, notice of the right to cure, and other filings. In addition, the Postmas stated that Greta Postma was never served and had never appeared in the state court foreclosure action and that Harold Postma had only consented to federal court jurisdiction. By letter dated December 28, 1995, the Postmas submitted two additional citations to the court. See Fed. R. App. P. 28(j).

The court ordinarily does not consider matters submitted directly by parties who are represented by counsel. The Postmas

were represented by counsel, but they discharged their attorney after oral argument.  We have considered the Postmas' pro se submissions and briefly respond to them as follows.  We hold the Postmas' pro se arguments are without merit.

First, contrary to the Postmas' argument, there is no procedural due process exception to the Rooker-Feldman doctrine.  See Ritter v. Ross, 992 F.2d 750, 752-54 (7th Cir. 1993) (plaintiffs' complaint that alleged they did not receive notice of foreclosure action and opportunity to object held barred by Rooker-Feldman doctrine; plaintiffs cannot seek reversal of state court judgment simply by casting complaint in form of civil rights action), cert. denied, 114 S. Ct. 694 (1994).  Federal district courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).  The Postmas' complaint does not challenge in general the state foreclosure statute, the mediation statute or state procedural rules; the federal district court would have jurisdiction over such claims which would not require review of a state court judgment in a particular case.

Next, we note that Greta Postma raised the issue of the adequacy of notice in her affidavit.  She asserted in her affidavit filed in this litigation that she "never signed, filed or otherwise appeared in the foreclosure action . . . or in federal court to which it was removed by an Answer signed by [her] husband."  However, the record indicates that Greta Postma actually knew about the state court foreclosure action.  As noted by the district court in its summary judgment analysis, Postma v. First Fed. Sav. & Loan Ass'n, No. C93-4058, slip op. at 14-19 & n.9 (N.D. Iowa Mar. 28, 1995) (order on motions for summary judgment), Greta Postma's affidavit was directly contradicted by the allegations in the Postmas' complaint and amended complaint that the Postmas filed an answer and removed the foreclosure action to federal district court.  The complaint filed by the Postmas in the United States District Court for the District of South Dakota, which involved substantially the same facts as this litigation, was signed by both Greta Postma and Harold Postma.  Both Greta Postma and Harold Postma signed certain state court post-judgment filings, i.e. the petition to vacate judgment and the application for a temporary restraining order.  In addition, the state court foreclosure decree found that the Postmas had received adequate notice of the foreclosure action.  First Fed. Sav. & Loan Ass'n v. Postma, Equity No. 17180, slip op. at 2 (Iowa Dist. Ct. Mar. 30, 1992) (defendants were served by publication and by mail to three last known addresses).  See also Postma v. First Fed. Sav. & Loan Ass'n, No. C93-4058, slip op. at 21 n.12 (holding state court had personal and subject matter jurisdiction; even if notice was defective,

The Postmas also argue the district court erred in dismissing their claims against the Iowa Mediation Service defendants. We disagree. They alleged at most that the Iowa Mediation Service defendants acted negligently, and not in bad faith, with malicious purpose, or in willful and wanton disregard of human rights, safety, or property.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

notice did not amount to no notice at all; defendants complied with statutory mediation and foreclosure provisions; in any event, failure to comply with statutory mediation and foreclosure provisions would have rendered judgment merely voidable, not void).

Finally, the cases cited by the Postmas in their Rule 28(j) letter are distinguishable. Neither case involved the same kind of procedural posture as the present case, that is, a federal action that amounts to a collateral attack on a final state court judgment. Kornblum v. St. Louis County, No. 93-4111 (8th Cir. Dec. 22, 1995) (banc) (1995 WL 755347), involved a civil rights action alleging deprivation of property without due process. In that case the plaintiff alleged that the defendant county had failed to give notice that certain property that the plaintiff had bought had been declared a nuisance before demolishing the property. Production Credit Ass'n v. Spring Water Dairy Farm, Inc., 407 N.W.2d 88 (Minn. 1987), involved an action by a lender to secure pre-trial possession of secured property after the debtor defaulted on repayment of a loan. The debtor demanded mediation and filed a motion to restrain the lender from repossession. The state trial court restrained repossession pending mediation. The state supreme court held that the debtor could invoke mandatory mediation procedures even though the debt enforcement proceedings had been commenced prior to the effective date of the Minnesota mediation statute and it is in that context that the decision refers to dismissal as the customary remedy when an action is commenced in violation of a statute. Id. at 90-91 (debtor served with summons and complaint but not with mediation notice could obtain dismissal of action to enforce debt).

-6-