No. 95-3470

In re: JAMES O. GOETZMAN;              *
GEORGIANN GOETZMAN                     *
                                       *
        Debtors                        *
                                       *  Appeal from the United States
--------------------                   *  District Court for the
                                       *  District of Minnesota
JAMES O. GOETZMAN; GEORGIANN           *
GOETZMAN                               *
                                       *
        Plaintiffs - Appellants        *
                                       *
        v.                             *
                                       *
AGRIBANK, FCB; formerly known          *
as Federal Land Bank of St.            *
Paul, formerly known as Farm           *
Credit Bank of St. Paul                *
                                       *
        Defendant - Appellee           *

Submitted: June 11, 1996

Filed: August 7, 1996

Before BEAM and HEANEY, Circuit Judges, and BOGUE,[*] Senior   District
Judge.

BOGUE, Senior District Judge.

[*]The HONORABLE ANDREW W. BOGUE, Senior United States
District Judge for the Western Division of the District of South
Dakota, sitting by designation.

James and Georgiann Goetzman (Goetzmans) appeal the district court's[1] order affirming the Bankruptcy Court's dismissal of the Goetzmans' adversary complaint.  Because we find the bankruptcy court was without subject matter jurisdiction to hear the matter, we affirm.[2]

## I. BACKGROUND

The Goetzmans owned a farm in Renville County, Minnesota.  In 1983, they signed a promissory note secured by a mortgage on the farm in favor of Agribank, FCB, f/k/a/ Federal Land Bank of St. Paul, f/k/a Farm Credit Bank of St. Paul (Agribank).  In February, 1987, the Goetzmans submitted a plan of reorganization under Chapter 12 of the Bankruptcy Code.  The loan obligation was renegotiated and the parties executed a stipulation in June 12, 1987, which was made part of the Goetzmans' plan of reorganization. The stipulation divided the mortgage debt into two separate loans: Loan No. 1 with a principal amount of $365,000.00, and Loan No. 2 with a principal amount of $216,387.00.  The stipulation provided both loans were secured by the mortgage previously given on the farm.

Agribank forgave the remaining amount of Goetzmans' debt and the stipulation included a provision that allowed the Goetzmans to reduce the amount due on Loan No. 2 by making payments for Loan No. 1 on or before the dates the payments were due.  Regarding the debt owed by the Goetzmans to AgriBank, the reorganization plan provided as follows:

> [AgriBank] has a total claim for principal and interest through May 31, 1987 of $760,615.00  The claim is secured by a perfected interest in Debtor's real property, ... .

---

[1]Honorable James M. Rosenbaum, United States District Court Judge for the District of Minnesota.

[2]Appellee's motion to dismiss the appeal, ordered taken with the case, is denied.

[AgriBank's] claim will be paid in accordance with the attached Stipulation and Addendum to Stipulation. The value of collateral ... securing the ... claim is $370,000.00. [AgriBank] will have an unsecured claim for the balance of their claim. Any payments received by [AgriBank] on account of its unsecured claim will be applied towards the principal balance of Loan No. 1 as described in the attached stipulation ... .

The reorganization plan was confirmed by order of the bankruptcy court on June 18, 1987. On March 13, 1991, the bankruptcy judge ordered the Chapter 12 case closed and dismissed the trustee, thereby concluding the bankruptcy. The bankruptcy court's order, inter alia, discharged "all debts dischargeable under 11 U.S.C. § 1228(a)," rendered void any judgment thereafter obtained determining the personal liability of the debtors with respect to any discharged debt, and enjoined creditors from commencing any action to collect or recover any discharged debt.

A dispute subsequently arose between the Goetzmans and Agribank as to the amount owed under the mortgage and stipulation. In June 1992, the Goetzmans tendered a check to Agribank for $339,994.40 which they claimed satisfied the entirety of their obligation. Agribank rejected the tender because it claimed the amount the Goetzmans were offering was not sufficient to satisfy the mortgage debt under the terms of the stipulation. The Goetzmans then filed a lawsuit in Minnesota state court for specific performance of the stipulation terms and sought an order directing AgriBank to accept the tendered payment as payment in full. Agribank, in turn, filed its own state court action seeking to foreclose the mortgage. The cases were consolidated for trial with the essential disputed issue being the amount the Goetzmans owed under the mortgage.[3]

---

[3]The narrower issue presented to the jury was whether a particular installment payment submitted to AgriBank by the Goetzmans was made on or before a specific date, thereby rendering the payment timely pursuant to the terms of the stipulation. The jury found against the Goetzmans on this question.

The bankruptcy issue was brought up on the eve of the state court trial by way of a motion in limine filed by the Goetzmans asking the trial court to stay the proceedings pending an interpretation by the bankruptcy court of its order discharging the Goetzmans' personal indebtedness. The trial court denied the motion, apparently finding the matter irrelevant and proceeded with trial. Following the jury trial, the state court entered findings and conclusions on February 8, 1994, specifically finding the total indebtedness at the time of the trial was $741,627.30. Prior to entry of final judgment, the trial court allowed the Goetzmans thirty days in which to apply to the United States Bankruptcy Court for an interpretation of the bankruptcy court's order discharging the unsecured debt. The state trial court entered judgment in favor of AgriBank on March 10, 1994, apparently without notification from the Goetzmans or the bankruptcy court that a different course was warranted.

The Goetzmans appealed the state court judgment to the Minnesota Court of Appeals, which affirmed the trial court in an unpublished opinion. The appellate court made reference to the bankruptcy issue by noting that "[o]n the eve of oral argument, Goetzmans moved this court to stay these proceedings pending the decision in their declaratory judgment action in the United States Bankruptcy Court." Appellant's Appendix at 77. The court denied the belated motion because the "appeal was fully briefed and AgriBank was ready to present its oral argument." The Goetzmans appealed their case to the Supreme Court of Minnesota, which declined further review.

## II. FEDERAL PROCEEDINGS

Following entry of final judgment in state district court, and during the pendency of the state appeal, the Goetzman's filed an

4

adversary complaint in the United States Bankruptcy Court on August 30, 1994.  The complaint ultimately sought a determination regarding "the amount of the real estate lien represented by the unsecured portion of the lien and subsequently discharged in the underlying Goetzman bankruptcy discharge."  The bankruptcy court, in an oral disposition, determined it had subject matter jurisdiction to resolve the issues presented, at least concurrently with the state court.  The bankruptcy court presumed its jurisdiction was based on 28 U.S.C. § 1334(b), the court feeling that the action arose under or was related to a case arising under Title 11.

The bankruptcy court then addressed whether the state court action "collaterally estopped" the plaintiff's from pursuing its claim in the federal forum or whether the state court action served as "res judicata" on the issues presented.  Regarding the state court action, the bankruptcy court noted that "... fundamentally, the issue became what was the amount of debt and is that secured by the property."  Given that the issue in state court was the amount of the debt, decided against the Goetzmans, the court dismissed the complaint on the grounds that it failed to state a claim on which relief can be granted.

The district court reversed in part, holding the bankruptcy court lacked subject matter jurisdiction.  The court determined that regardless of how the adversary complaint was postured, what the Goetzmans actually sought was federal review of state court determinations.  The district court dismissed the case on the authority of Rooker v. Fidelity Trust Co., 236 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983), which direct that lower federal courts do not

have subject matter jurisdiction over challenges to state court decisions in judicial proceedings.[4]

## III. DISCUSSION

The Goetzmans appeal arguing the district court erred in holding the bankruptcy court did not have subject matter jurisdiction over their adversary complaint.  The existence of subject matter jurisdiction in federal court is a question of law that we review de novo.  Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) citing, Schmidt v. United States, 901 F.2d 680, 683 (8th Cir. 1990).  Because we find the Goetzmans' federal action prohibited under the Rooker-Feldman doctrine, we affirm the district court.

Initially it should be noted that preclusion (relied on by the bankruptcy court) and the Rooker-Feldman doctrine (relied upon by the district court) are closely related legal concepts.  Charchenko v. City of Stillwater, 47 F.3d 981, 983 n.1 (8th Cir. 1995) (noting that "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits.  Aside from this distinction the doctrines are extremely similar.");  Bryant v. Sylvester, 57 F.3d 308, 312 (3rd Cir. 1995) (discussing rational behind the Rooker-Feldman doctrine, noting that "[l]ike claim preclusion, Rooker-Feldman is partly concerned with finality, with ensuring that litigants do not take multiple bites from the same apple.");  Valenti v. Mitchell, 962 F.2d 288, 297 (3rd Cir. 1992) (noting "close affinity" between the Rooker-Feldman doctrine legal concepts of claim and issue preclusion).  Although the

---

[4]The district court also found subject matter jurisdiction lacking on the basis that the bankruptcy court did not reserve jurisdiction upon closing of the Chapter 12 case three years previous.  Because we are affirming the district court on the grounds that the Rooker-Feldman doctrine prohibits the Goetzmans' claim, we express no opinion on other rationale relied on by the district court.

6

bankruptcy court below appeared to base its decision on the grounds of preclusion, many of the concerns espoused by the court highlight the reasoning behind the <u>Rooker-Feldman</u> doctrine.[5]

Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations. <u>Keene Corp. v. Cass</u>, 908 F.2d 293, 296 (8th Cir. 1990) (citations omitted). Although the state and federal claims may not be identical, impermissible appellate review may occur when a federal court is asked to entertain a claim that is "inextricably intertwined" with the state court judgment. <u>Id.</u>

> [T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

<u>Id.</u> at 296-97, citing <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

---

[5]At its oral disposition, the bankruptcy court noted:
> We have a valid state court judgment that says Agribank gets to foreclose. Anything I say isn't going to change that at this point and it just sort of leads me to indicate that either the issues were -- should have been considered or were considered, or if they weren't considered it was error but your remedy is to convince the state appellate courts that the trial court made a mistake ... . I don't see much point in coming back here to litigate it so I think there is no ... meaningful relief that I am in a position to grant you at this point. The state court has given Agribank the right to foreclose and right or wrong, that is a valid judgment and I ... have no right to go behind it and change what it's done.

Appellants' Appendix at 69.

An examination of the Goetzmans' respective claims leads to the conclusion that the federal claims are inextricably intertwined with the state court decision. The heart of the state court proceedings was a determination of the amount the Goetzmans owed to Agribank. The Goetzmans themselves brought the declaratory judgment action to determine the amount owed under the mortgage. Although the Goetzmans' adversary complaint and arguments below cast the issue as whether a portion of their debt to Agribank was discharged in bankruptcy, it is apparent that what was really sought was a federal judgment that would change the state court result. This attempted relief is exactly what is barred by the Rooker-Feldman doctrine. Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996).

In Postma, this court was faced with an appeal by a couple who, having lost an agricultural foreclosure action in state court, filed a complaint in federal court against the foreclosing bank advancing various causes of action and alleging violations of Iowa and federal law. Id. at 161. The district court dismissed the action on the authority of the Rooker-Feldman doctrine. Id. at 162. In affirming the district court's decision, this court concluded that "the current [federal] claims can succeed only to the extent that the state court wrongly decided the foreclosure action." Id. A similar conclusion is compelled in the current case. During their course of dealing a dispute arose between the parties as to how much the Goetzmans owed Agribank. The Goetzmans filed suit in state court seeking a determination of the same. What better opportunity or forum existed for them to raise the issue that $216,387.00 of the debt in dispute may have been discharged in bankruptcy? Naturally, if the debt or a substantial portion thereof was discharged, the issue should have been vigorously raised in the state court action.

The Goetzmans argue that the Rooker-Feldman doctrine should not be employed to bar their current action because they contend

8

they were not given a fair opportunity to be heard on the merits and that they have a procedural due process right to the same. We disagree. Application of the Rooker-Feldman doctrine does not depend on a final judgment on the merits of an issue, Charchenko, 47 F.3d at 983 n.1, nor is there a procedural due process exception to the doctrine. Postma, 74 F.3d at 162 n.3. If the state trial court erred in the extent it addressed the issue the Goetzmans are now pressing, relief was available in the appellate courts of Minnesota. None being forthcoming, the Goetzmans cannot now bring an action in federal court which would effectively reverse the state court decision or void its ruling. Charchenko, 47 F.3d at 983, citing Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729, 732 (7th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994).[6]

## IV. CONCLUSION

For the reasons indicated, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Although we believe that the issue of bankruptcy discharge was in fact raised to a limited extent in the state court proceedings, we note that the Rooker-Feldman doctrine, like the doctrine of preclusion, applies to claims which were not brought before the state court but could have been raised in the state court action. Feldman, 460 U.S. at 483 n.16.