In the Matter of CHRISTIAN BROTHERHOOD, Union Oaks, Inc., Debtors.

Christian Brotherhood, Union Oaks, Inc., Plaintiffs,

v.

Linda Medlock, Defendant.

Bankruptcy No. 03–80297.
Adversary No. 03–8024.

United States Bankruptcy Court, D. Nebraska.

Nov. 18, 2003.

Howard T. Duncan, Duncan Law Office, Omaha, NE, for Debtor.

*MEMORANDUM*

TIMOTHY J. MAHONEY, Chief Judge.

This matter is before the court on its own motion to determine whether it has the jurisdiction to review a final judgment of the Nebraska Supreme Court, as posited by the debtor. Howard Duncan represents the debtor/plaintiff, and Michael Washburn represents the defendant. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(K).

This lawsuit was filed by the debtor (hereafter "Union Oaks") to determine the nature, priority, amount, and extent of an alleged lien held by the defendant. The dispute arises from a marital dissolution proceeding between Melvin and Linda Medlock, and findings made therein. In the divorce decree, property (mainly real property, but also automobiles and a small amount of cash) valued at $1.3 million and owned by Union Oaks was excluded from the marital estate.

On appeal, the Nebraska Supreme Court found that Union Oaks was the alter ego of Mr. Medlock, so the Union Oaks assets should have been included in the disposition of marital property. As a result, the Douglas County District Court awarded Ms. Medlock fifty percent of the $1.3 million value of Union Oaks property. That award went unpaid, so Ms. Medlock attempted to execute on the judgment, which precipitated the filing of this bankruptcy case before the property could be sold.

The debtor then filed this adversary proceeding. Ms. Medlock filed a secured claim for $761,471.28 in the bankruptcy case. It has not been objected to.

Upon review of the parties' joint preliminary pretrial statement (Fil.# 9), the court determined that it should first decide whether its jurisdiction permitted it to review a final decision of the appellate courts of the state of Nebraska, and asked the parties to submit briefs on the issue. After reviewing those materials, it is clear that this court has no subject-matter jurisdiction over the dispute.

In most instances, the *Rooker–Feldman* doctrine operates to preclude lower federal courts from deciding a collateral attack on a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Lower federal courts, including bankruptcy courts, lack subject matter jurisdiction to engage in appellate review of state court determinations. *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173, 1177 (8th Cir.1996) (citing *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir.1990)). The *Rooker–Feldman* doctrine is jurisdictional in nature and therefore its application cannot be waived. *Blanton v. United States*, 94 F.3d 227, 233–34 (6th Cir.1996).

A *Rooker–Feldman* challenge to the court's jurisdiction may be raised at any time, by any party, or *sua sponte* by the court. *Ritter v. Ross*, 992 F.2d 750, 752 (7th Cir.1993), *cert. denied*, 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). In determining whether *Rooker–Feldman* applies, the court must ascertain whether the party bringing the claim is seeking what in essence would be an appellate review of a state court decision. *Car Color & Supply, Inc. v. Raffel (In re Raffel)*, 283 B.R. 746, 748 (8th Cir. BAP 2002) (citing *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir.2000) (*Rooker–Feldman* "forecloses not only straightfor-ward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions.")).

The doctrine applies to those claims that are "inextricably intertwined" with a state court judgment as well as those claims that were actually raised in the state court. *Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206; *Chaney v. Chaney (In re Chaney)*, 229 B.R. 266 (Bankr.D.N.H.1999). A state claim is inextricably intertwined "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it.... That is, *Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 811 (8th Cir.1998).

"Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Keene Corp. v. Cass*, 908 F.2d 293 at 296–97 (8th Cir.1990) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)) (Marshall, J., concurring).

*Rooker–Feldman* does not apply if there was no reasonable opportunity to raise the claim at issue. *Niere v. St. Louis County, Missouri*, 305 F.3d 834, 837 (8th Cir.2002).

In this adversary proceeding, the debtor is asking the court to determine whether Ms. Medlock is even a creditor in this case, and if she is, then the nature, priority, and extent of her lien. Specifically, the debtor is raising a constitutional challenge to the Nebraska Supreme Court ruling, asserting that due process was vio-

lated when "reverse piercing" of the corporate veil occurred without the corporation being represented in the lawsuit. The debtor argues that this lack of joinder and absence of an adequate opportunity to be heard render the state court judgment void.

The debtor's position, however, would necessitate revisiting exactly the same evidence and arguments presented to the state court and the Nebraska Supreme Court. The Nebraska Supreme Court conducted a *de novo* review of the record from the trial court, and found that Union Oaks was the alter ego of Mr. Medlock and its assets were subject to inclusion in the marital property to be divided between the parties. In so ruling, the Supreme Court specifically held, in response to Mr. Medlock's concerns about jurisdiction over Union Oaks, that "the interests of Union Oaks were adequately represented in the district court by [Mr. Medlock], Union Oaks' alter ego." *Medlock v. Medlock*, 263 Neb. 666, 685, 642 N.W.2d 113, 130 (2002). The Supreme Court cited the general rule of law that "a party cannot complain of error which that party has invited the court to commit", noting that Ms. Medlock had attempted to join Union Oaks as a party to the dissolution action but was blocked by Mr. Medlock. *Id.*

The Supreme Court stated, "Clearly, there can be no argument here that Union Oaks was without notice or will be deprived of any substantive rights, where it was on notice of the relief requested by [Ms. Medlock] and where it was brought before the court in the person of its alter ego, [Mr. Medlock]." *Id.* This succinctly establishes why the bankruptcy court has no jurisdiction over the adversary proceeding. The only way to grant debtor the relief it seeks (declaring that Ms. Medlock is not a creditor and certainly not a secured creditor) is to in essence overrule

the state supreme court. That is precisely what the *Rooker–Feldman* doctrine prohibits.

The Eighth Circuit addressed a similar situation in *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173 (8th Cir.), *cert. denied*, 519 U.S. 1042, 117 S.Ct. 612, 136 L.Ed.2d 537 (1996). In *Goetzman*, the debtors filed an adversary proceeding to determine what amount of their lender's lien was unsecured and therefore discharged in their underlying bankruptcy case. The parties, however, had already litigated to final judgment the issue of the amount owed to the lender in a state court lawsuit. On appeal of the federal action, the Eighth Circuit held that *Rooker–Feldman* deprived the bankruptcy court of jurisdiction over the matter.

> An examination of the Goetzmans' respective claims leads to the conclusion that the federal claims are inextricably intertwined with the state court decision. The heart of the state court proceedings was a determination of the amount the Goetzmans owed to Agribank. The Goetzmans themselves brought the declaratory judgment action to determine the amount owed under the mortgage. Although the Goetzmans' adversary complaint and arguments below cast the issue as whether a portion of their debt to Agribank was discharged in bankruptcy, it is apparent that what was really sought was a federal judgment that would change the state court result. This attempted relief is exactly what is barred by the *Rooker–Feldman* doctrine.

91 F.3d at 1177–78 (citation omitted).

The Eighth Circuit was unmoved by the Goetzmans' due process arguments:

> The Goetzmans argue that the *Rooker–Feldman* doctrine should not be employed to bar their current action because they contend they were not given

a fair opportunity to be heard on the merits and that they have a procedural due process right to the same. We disagree. Application of the *Rooker–Feldman* doctrine does not depend on a final judgment on the merits of an issue, *Charchenko,* 47 F.3d at 983 n. 1, nor is there a procedural due process exception to the doctrine. *Postma,* 74 F.3d at 162 n. 3. If the state trial court erred in the extent it addressed the issue the Goetzmans are now pressing, relief was available in the appellate courts of Minnesota. None being forthcoming, the Goetzmans cannot now bring an action in federal court which would effectively reverse the state court decision or void its ruling. *Charchenko,* 47 F.3d at 983, citing *Landers Seed Co. v. Champaign Nat'l Bank,* 15 F.3d 729, 732 (7th Cir.), *cert. denied,* 513 U.S. 811, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994).

91 F.3d at 1178 (footnote omitted).

The same situation is present in this case. Regardless of the bankruptcy overlay to the case, the debtor is essentially attempting to relitigate and overturn the state court decision regarding division of marital property. The *Rooker–Feldman* doctrine prohibits this court from taking such action. Therefore, this adversary proceeding will be dismissed for lack of subject-matter jurisdiction.

Separate order will be entered.