RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0332p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DOUGLAS J. RAYMOND,

        *Plaintiff-Appellant,*

    *v.*

THOMAS J. MOYER, Chief Justice; ALICE ROBIE RESNICK, Justice; PAUL E. PFEIFER, Justice; EVELYN LUNDBERG STRATTON, Justice; MAUREEN O'CONNOR, Justice; TERRENCE O'DONNELL, Justice; JUDITH ANN LANZINGER, Justice; ROBERT R. CUPP, Justice,

        *Defendants-Appellees.*

No. 06-4081

>

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 05-01157—George C. Smith, District Judge.

Argued: July 26, 2007

Decided and Filed: August 21, 2007

Before: KEITH, MOORE, and COLE, Circuit Judges.

---

### COUNSEL

**ARGUED:** Stephen W. Gard, Cleveland, Ohio, for Appellant. Damian W. Sikora, OHIO ATTORNEY GENERAL'S OFFICE, Columbus, Ohio, for Appellees. **ON BRIEF:** Stephen W. Gard, Cleveland, Ohio, for Appellant. Britt K. Strottman, OHIO ATTORNEY GENERAL'S OFFICE, Columbus, Ohio, for Appellees.

---

### OPINION

---

    KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Douglas J. Raymond ("Raymond") appeals from the district court's judgment dismissing his claims filed pursuant to 42 U.S.C. § 1983. Raymond filed suit against the seven then-members of the Ohio Supreme

1

Court—Chief Justice Thomas J. Moyer, Justice Alice Robie Resnick,[1] Justice Paul E. Pfeifer, Justice Evelyn Lundberg Stratton, Justice Maureen O'Connor, Justice Terrence O'Donnell, and Justice Judith Ann Lanzinger (collectively, "the defendants")—alleging that their decision denying him admission to practice law in Ohio without examination violated the Privileges and Immunities Clause, the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution. The district court concluded that the defendants were entitled to judicial immunity on all of Raymond's claims and dismissed his suit. Because the lower federal courts lack jurisdiction over Raymond's claims under the *Rooker-Feldman* doctrine, however, we **DISMISS** the case for lack of jurisdiction.

## I. BACKGROUND

According to his complaint, Douglas J. Raymond is a medical malpractice attorney admitted to practice law in Colorado, Michigan, and Missouri. As part of his practice, Raymond has appeared pro hac vice in Ohio state courts forty-three times. Raymond alleges that he "frequently has represented individuals who have been victimized by the wrongful and illegal actions of individuals, corporations and organizations which wield great economic and political power in the State of Ohio and elsewhere," Joint Appendix ("J.A.") at 11 (Compl. at ¶ 33), and "frequently has spoken out on matters of great public concern in the State of Ohio and elsewhere regarding the wrongful and illegal actions of economically and politically powerful interests in the State of Ohio and elsewhere," J.A. at 11 (Compl. at ¶ 34).

On October 1, 2004, Raymond applied for admission to practice law in Ohio without examination. Raymond alleges that he was qualified for admission and submitted all the necessary paperwork, but that on May 25, 2005, he was informed that the Ohio Supreme Court had denied his application for admission without examination. Raymond allegedly received no reason for the denial of his application. On September 13, 2005, Raymond filed "a motion for clarification and/or reconsideration of his application to be admitted to [the] bar of the State of Ohio without examination," J.A. at 14 (Compl. at ¶ 48), but on November 8, 2005, he again was informed that his application was denied, and he again was given no reason.

On December 27, 2005, Raymond filed a complaint in the federal district court pursuant to 42 U.S.C. § 1983, naming the seven members of the Ohio Supreme Court as defendants in both their individual and official capacities. Raymond alleged that the denial of his application for admission without examination violated the Privileges and Immunities Clause, the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution. He requested a declaration that the denial of his application was unconstitutional and an injunction requiring the defendants to grant his application. The defendants filed a motion to dismiss, and on June 22, 2006, the district court granted the defendants' motion, concluding that they were entitled to judicial immunity. Raymond timely appealed. After the parties submitted their briefs on appeal, we requested and received supplemental briefing from both parties addressing whether we lack jurisdiction over this case because of the *Rooker-Feldman* doctrine.

## II. ANALYSIS

Although neither party raised the issue of jurisdiction on appeal, "we are under an independent obligation to police our own jurisdiction." *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001). Because "[t]he Supreme Court is vested with exclusive

---

[1] Johnson's complaint listed the seven then-members of the Ohio Supreme Court as defendants in both their individual and official capacities. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Robert R. Cupp, the successor to Alice Robie Resnick as a Justice of the Ohio Supreme Court, has been automatically substituted as a party in his official capacity. Justice Resnick remains a party in her individual capacity.

jurisdiction over appeals from final state-court judgments," *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007), the lower federal courts do not have jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'" under what has come to be known as "the *Rooker-Feldman* doctrine," *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1199 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). We have emphasized the narrow scope of the *Rooker-Feldman* doctrine:

> The doctrine applies only when a plaintiff complains of injury from the state court judgment itself. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Abbott*, 474 F.3d at 328 (internal quotation marks and citation omitted). Notably, the *Rooker-Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation marks omitted).

## A. As-Applied Challenge

Raymond's complaint alleges only injuries arising from the decision denying him admission to practice law in Ohio. Raymond argues that the decision denying him admission to practice law violated his rights under the Privileges and Immunities Clause, the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and he is explicitly seeking a declaration that the decision was in error and an injunction barring the defendants from "continuing to refuse to grant [his] application" for admission to practice law, J.A. at 19 (Compl. at Prayer for Relief ¶ B)—that is, an injunction requiring that the decision be reversed. If the decision denying Raymond admission to practice law was a state-court judgment for purposes of the *Rooker-Feldman* doctrine, then this case falls squarely within the class of cases over which the lower federal courts do not have jurisdiction: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The dispositive question regarding the jurisdictional issue, then, is whether the decision denying Raymond admission to practice law in Ohio was a state-court judgment for purposes of the *Rooker-Feldman* doctrine.

The Supreme Court analyzed a similar question in one of the cases that gave the *Rooker-Feldman* doctrine its name, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). At issue in *Feldman* were the requests of two applicants, Marc Feldman and Edward J. Hickey, Jr., to be allowed to sit for the District of Columbia bar examination despite the fact that they had not graduated from a law school approved by the American Bar Association, as required by Rule 46 I(b)(3) of the District of Columbia Court of Appeals.[2] *Feldman*, 460 U.S. at 465-66, 470-72. The District of Columbia Court of Appeals issued per curiam orders denying Feldman's and Hickey's petitions to waive the requirements of Rule 46 I(b)(3), and, in separate actions, Feldman and Hickey filed suit in the federal district court challenging the denial of their waiver petitions. *Id.* at 468-69, 472-73. The Supreme Court explained one of the key issues before the Court:

---

[2] Feldman also requested, alternatively, that he be admitted to practice law in the District of Columbia without examination, as he was already admitted to practice law in Maryland. *Feldman*, 460 U.S. at 466.

The District of Columbia Circuit properly acknowledged that the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings. Review of such determinations can be obtained only in this Court. A crucial question in this case, therefore, is whether the proceedings before the District of Columbia Court of Appeals were judicial in nature.

*Id.* at 476 (internal citations omitted). Examining the nature and effect of the decisions denying Feldman and Hickey permission to sit for the District of Columbia bar examination, the Supreme Court concluded that those decisions were judicial in nature:[3]

The proceedings were not legislative, ministerial, or administrative. The District of Columbia Court of Appeals did not "loo[k] to the future and change[e] existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power." Nor did it engage in rulemaking or specify "the requirements of eligibility or the course of study for applicants for admission to the bar . . . ." Nor did the District of Columbia Court of Appeals simply engage in ministerial action. Instead, the proceedings before the District of Columbia Court of Appeals involved a "judicial inquiry" in which the court was called upon to investigate, declare, and enforce "liabilities as they [stood] on present or past facts and under laws supposed already to exist."

*Id.* at 479 (alterations in original) (quoting *Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226 (1908), *In re Summers*, 325 U.S. 561, 566 (1945), and *Prentis*, 211 U.S. at 226).

The decision denying Raymond admission to practice law in Ohio was similarly judicial in nature. Under the Ohio Constitution, the Ohio Supreme Court has "original jurisdiction" over "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." OHIO CONST. art. IV, § 2(B)(1)(g). The Ohio Supreme Court's Rules for the Government of the Bar permit applications for admission to practice law without examination and call for the Ohio Supreme Court to make the final decision on the application:

The Court shall review the application and in its sole discretion shall approve or disapprove the application. In reaching its decision, the Court shall consider both of the following:
  (a) Whether applicant has met the requirements of division (A) of this section;
  (b) Whether the applicant's past practice of law is of such character, description and recency as shall satisfy the Court that the applicant currently possesses the legal skills deemed adequate for admission to the practice of law in Ohio without examination.

---

[3] As we discuss in more detail below, *see infra* Section II.B, the Supreme Court determined that Feldman and Hickey also stated a general challenge to the constitutionality of Rule 46 I(b)(3), over which the district court did have jurisdiction. *Feldman*, 460 U.S. at 482-88.

OHIO SUP. CT. R. GOV. BAR 1, § 9(F)(1).[4] Raymond alleges that the defendants denied his application for admission without examination, both initially and again after Raymond moved for reconsideration. Under Ohio law, this decision was not legislative, administrative, or ministerial, but instead "involved a 'judicial inquiry' in which the court was called upon to investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist'" by measuring Raymond's application against the standard set forth in Rule 1 of the Rules for the Government of the Bar. *Feldman*, 460 U.S. at 479 (quoting *Prentis*, 211 U.S. at 226); *see also Blanton v. United States*, 94 F.3d 227, 234 (6th Cir. 1996) (concluding that the Tennessee Supreme Court's decision not to take action regarding an attorney's license to practice law was a judicial decision for purposes of the *Rooker-Feldman* doctrine). Because the Ohio Supreme Court's decision was judicial in nature, the lower federal courts do not have jurisdiction over this case. *See Hale v. Comm. on Character & Fitness*, 335 F.3d 678, 682-84 (7th Cir. 2003); *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728-31 (7th Cir. 2001); *Craig v. State Bar*, 141 F.3d 1353, 1354-55 (9th Cir. 1998); *Dale v. Moore*, 121 F.3d 624, 626-27 (11th Cir. 1997); *Campbell v. Greisberger*, 80 F.3d 703, 706-07 (2d Cir. 1996).

Raymond argues that the *Rooker-Feldman* doctrine should not apply because the Ohio Supreme Court did not provide him with a hearing, an opportunity to respond to any alleged deficiencies in his application, or even a reason for denying his application. We are sympathetic to Raymond's argument, as it seems fundamentally unfair that he could be denied admission to practice law by the Ohio Supreme Court and have as his only recourse the opportunity to file a petition for a writ of certiorari from the U.S. Supreme Court, without a reasoned decision or any apparent state-court record on which to base his petition. The possibility for abuse is high when a court can hide its reasoning and knows that its decision is virtually unreviewable, and this possibility raises particular concerns when, as in this case, the decision at issue can carry with it severe collateral consequences.

Nevertheless, the Supreme Court has made clear that the *Rooker-Feldman* doctrine applies even when the state court provides as little process as it did here. The *Feldman* Court itself instructed that "'the form of the proceeding is not significant. It is the nature and effect which is controlling,'" even though "the proceedings in both Feldman's and Hickey's case did not assume the form commonly associated with judicial proceedings." *Feldman*, 460 U.S. at 482 (quoting *Summers*, 325 U.S. at 567). Moreover, in *In re Summers*, quoted extensively in *Feldman*, the Court addressed circumstances strikingly similar to the case at hand. In *Summers*, a bar applicant was denied the required certificate from the Illinois Committee on Character and Fitness because he was

---

[4] "[T]he requirements of division (A) of this section," OHIO SUP. CT. R. GOV. BAR 1, § 9(F)(1), are the following:

    (1)    The applicant has taken and passed a bar examination and has been admitted as an attorney at law in the highest court of another state or in the District of Columbia, which jurisdiction shall be considered the jurisdiction from which the applicant seeks admission;

    (2)    The applicant has engaged in the practice of law, provided, however, that the practice of law:
        (a)    Was engaged in subsequent to the applicant's admission as an attorney at law in another jurisdiction;
        (b)    Occurred for at least five full years out of the last ten years prior to the applicant's submission of an application pursuant to division (C) of this section; and
        (c)    Except as provided in division (B)(5) of this section, was engaged in on a fulltime basis outside Ohio;

    (3)    The applicant has not taken and failed an Ohio bar examination;

    (4)    The applicant has not engaged in the unauthorized practice of law;

    (5)    The applicant is a citizen or a resident alien of the United States;

    (6)    The applicant intends to engage in the practice of law in Ohio actively on a continuing basis;

    (7)    The applicant satisfies the general admission requirements of Section 1(A) to (C) of this rule;

    (8)    If applicable, the applicant has registered pursuant to Gov. Bar R. VI, Section 4.

OHIO SUP. CT. R. GOV. BAR 1, § 9(A).

a conscientious objector. *Summers*, 325 U.S. at 563-64. The applicant filed a petition in the Illinois Supreme Court, arguing that the decision of the Committee on Character and Fitness violated the Due Process Clause of the Fourteenth Amendment, but the Illinois Supreme Court refused to admit him to the bar. *Id.* The U.S. Supreme Court concluded that the decision of the Illinois Supreme Court was judicial in nature despite the fact that "the proceedings were not treated as judicial by the Supreme Court of Illinois," *id.* at 563, despite the fact that "no entry was placed by the Clerk in the file, on a docket, or on a judgment roll," *id.* at 567, and despite the fact that the Illinois Supreme Court issued its decision via letters sent to Summers that did not set forth any reasons for rejecting his challenge to the decision of the Committee on Character and Fitness, *id.* at 567 n.8. In light of these precedents, we must conclude that we lack jurisdiction over Raymond's case. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 n.3 (8th Cir. 1996) (collecting cases and concluding "there is no procedural due process exception to the *Rooker-Feldman* doctrine").

## B. General Challenge

In his supplemental brief on appeal, Raymond suggests that he is also challenging "rules prohibiting the admission of non-residents of the State of Ohio and persons who exercise their first amendment rights," Appellant's Supp. Br. at 6, apparently seeking to avail himself of the principle that the *Rooker-Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case," *Hood*, 341 F.3d at 597 (internal quotation marks omitted). In *Feldman*, the Supreme Court noted that Feldman and Hickey not only challenged the particular decisions of the District of Columbia Court of Appeals denying Feldman and Hickey permission to sit for the District of Columbia bar examination, but also brought a general challenge to the constitutionality of Rule 46 I(b)(3). *Feldman*, 460 U.S. at 486-87. Because general challenges to state bar rules "do not require review of a final state court judgment in a particular case," the Supreme Court reasoned, the district court had jurisdiction over the general challenge raised by Feldman and Hickey. *Id.* at 486.

Raymond's complaint, however, makes clear that he is challenging only the particular decision denying him admission to practice law in Ohio. Raymond's complaint does not even allege the existence of rules prohibiting the admission of non-residents and persons who exercise First Amendment rights, much less express general challenges to such rules. *Cf., e.g.*, *Salibra v. Supreme Court*, 730 F.2d 1059, 1061 (6th Cir. 1984) (reviewing a general challenge that the Supreme Court Rules for the Government of the Bar of Ohio were unconstitutional). Accordingly, we conclude that we lack jurisdiction over all of the claims that Raymond raised in his complaint.

That said, we hasten to add that our decision today does not bar Raymond or any other proper plaintiff from bringing in the future a general challenge to the rules and practices of the Ohio Supreme Court regarding its consideration of applications for admission to practice law without examination. In particular, the defendants' attorney stated at oral argument that it is the practice of the Ohio Supreme Court never to grant a hearing or state reasons for its decision when it denies an application for admission to practice law without examination, practices that raise significant due process concerns. *See Willner v. Comm. on Character & Fitness*, 373 U.S. 96 (1963). If Raymond plans to apply again for admission to practice law in Ohio without examination, and is denied, he can likely establish standing to bring a general challenge to the rules and practices of the Ohio Supreme Court, and nothing in our decision today should be read to imply that the *Rooker-Feldman* doctrine, res judicata principles, judicial immunity, or any other defense would prevent Raymond from bringing such a challenge.

## III.  CONCLUSION

Because the lower federal courts lack jurisdiction under the *Rooker-Feldman* doctrine over Raymond's claims, we **DISMISS** the case for lack of jurisdiction.