NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0480n.06

No. 12-4073

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 14, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DOUGLAS J. RAYMOND, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| MAUREEN O'CONNOR, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  MERRITT, CLAY, and DONALD, Circuit Judges.


PER CURIAM.  Douglas J. Raymond appeals the district court's judgment dismissing his

complaint filed under 42 U.S.C. § 1983 for failure to state a claim.  As set forth below, we affirm.

Raymond brought this lawsuit against the justices of the Ohio Supreme Court, challenging

the constitutionality of their "rules, regulations, policies, procedures and practices" governing the

admission to practice law in Ohio without examination.[1]  Raymond, a resident of Colorado, was

admitted to practice law in Colorado by examination, and in Michigan and Missouri without

examination.  Raymond subsequently applied for admission to practice law in Ohio without

---

[1] Raymond previously challenged the justices' decision to deny him admission to practice
law in Ohio without examination.  We dismissed Raymond's as-applied challenge for lack of
jurisdiction pursuant to the *Rooker-Feldman* doctrine, but acknowledged that he could, at another
time,  bring "a general [facial] challenge to the rules and practices of the Ohio Supreme Court
regarding its consideration of applications for admission to practice law without examination."
*Raymond v. Moyer*, 501 F.3d 548, 555 (6th Cir. 2007).  Accordingly, we consider only Raymond's
generally applicable allegations.

examination. Without explanation, the Ohio Supreme Court denied Raymond's applications in 2005 and again in 2009.

Raymond filed a complaint seeking a declaratory judgment along with a motion for summary judgment, asserting that the justices' "rules, regulations, policies, procedures and practices" in granting and denying applications for admission to practice law in Ohio without examination violate: (1) the Due Process Clause and (2) the Equal Protection Clause of the Fourteenth Amendment, and (3) the Privileges and Immunities Clause of Article IV, Section 2 of the U.S. Constitution. The justices filed a motion to dismiss Raymond's complaint for failure to state a claim, which the district court granted. This timely appeal followed.

We review de novo the dismissal of Raymond's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). "In reviewing a motion to dismiss, we must accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible claim for relief." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012).

"To make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (citation and internal quotation marks omitted). The district court dismissed Raymond's due process claims on the grounds that he failed to allege sufficient facts to support a constitutional deprivation of a protected property or liberty interest.

While there is no liberty interest in bar admission without examination, a state may create a property interest in the right. *See, e.g.*, *Leis v. Flynt, et al.*, 439 U.S. 438, 441–43 (1979) (holding that there was no property interest in the right of admission *pro hac vice* because Ohio had not created an interest). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Rule I, Section 9 of the Ohio Supreme Court's Rules for the Government of the Bar of Ohio addresses admission to practice law in Ohio without examination. Subsection (F)(1) then provides:

> The Court shall review the application and *in its sole discretion shall approve or disapprove the application*. In reaching its decision, the Court shall consider both of the following:
>
> (a) Whether the applicant has met the requirements of division (A) of this section;
>
> (b) Whether the applicant's past practice of law is of such character, description and recency as shall satisfy the Court that the applicant currently possesses the legal skills deemed adequate for admission to the practice of law in Ohio without examination.

Ohio Sup. Ct. Gov. Bar R. I(9)(F)(1) (emphasis added). "[W]here the rules of the Ohio Supreme Court expressly consign the authority to approve" applications for admission without examination to the court's discretion, an attorney cannot claim entitlement to such admission. *Leis*, 439 U.S. at 442–43. Raymond has failed to cite any authority establishing a property in admission without examination.

Nor has he alleged a deprivation of a liberty interest. The Supreme Court has held that "the requirements of procedural due process must be met before a State can exclude a person from practicing law." *Willner v. Comm. on Character & Fitness*, 373 U.S. 96, 102 (1963) (citing *Schware v. Bd. of Bar Examiners*, 353 U.S. 232, 238–39 (1957)). But Raymond is not excluded from

practicing law in Ohio—he may still take and pass the Ohio bar examination. *See Conn v. Gabbert*, 526 U.S. 286, 291–92 (1999) (distinguishing cases that "deal with a complete prohibition of the right to engage in a calling").

In support of his due process claim, Raymond also asserted that the justices' denial of his applications for admission without examination precludes him from appearing *pro hac vice* in any Ohio court. Under Rule XII(2)(A)(2) of the Ohio Supreme Court's Rules for the Government of the Bar of Ohio, "[a] tribunal shall not grant permission to appear pro hac vice to an attorney who has . . . been denied admission without examination." However, we have recognized that "an attorney's interest in appearing *pro hac vice* [does] not constitute a liberty or property right under the Constitution." *D.H. Overmyer Co. v. Robson*, 750 F.2d 31, 33–34 (6th Cir. 1984) (citing *Leis*). Raymond asserts on appeal that, "while it may be true that no attorney has a due process right to *pro hac vice* status, once such status is granted, attorneys must receive some modicum of due process before it is revoked." *Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011) (internal citations omitted). In his complaint, Raymond alleged that he was prohibited from appearing *pro hac vice* in a case pending before the Ohio Supreme Court despite the fact that he had been granted leave to appear *pro hac vice* in that case earlier. The Ohio Supreme Court's order, referenced in the complaint and attached to Raymond's affidavit, reflects that his *pro hac vice* status was not revoked. Instead, Raymond was stricken from the appeal because he failed to file a timely motion for admission *pro hac vice* pursuant to Rule 1.2 of the Ohio Supreme Court's Rules of Practice. We are precluded under the *Rooker-Feldman* doctrine from considering this as-applied challenge to a state court decision. *See Raymond v. Moyer*, 501 F.3d 548, 551–55 (6th Cir. 2007).

The Privileges and Immunities Clause bars "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). In support of his privileges and immunities claim, Raymond alleged that the justices "have maintained a policy and practice of applying a different and harsher standard of scrutiny to applications for admission to the practice of law in the State of Ohio without examination from non-residents than similarly-situated applications from residents of the State of Ohio for the admission to the practice of law in the State of Ohio." This assertion, however, is "devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss for failure to state a claim. *Id*. Because Raymond failed to make any specific factual allegations regarding the justices' purported application of a different and harsher standard of scrutiny to non-residents than to residents, the district court properly held that the complaint failed to state a privileges and immunities claim.

Raymond's complaint likewise failed to state a claim under the Equal Protection Clause. "To state an equal protection claim, a plaintiff must adequately plead that the government [treats certain people] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks omitted). "The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th

Cir. 2006). The complaint's sole reference to disparate treatment is the undeveloped assertion of a different and harsher standard of scrutiny might be applied to non-residents discussed above. Without specific factual allegations of disparate treatment, the district court properly dismissed Raymond's equal protection claim.

For the foregoing reasons, we affirm the district court's dismissal of Raymond's complaint for failure to state a claim.